Khalid HORNE, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 520, 2004.

Supreme Court of Delaware.

Submitted: June 17, 2005.
Decided: Aug. 5, 2005.

Khalid Horne, pro se, appellant.

Loren C. Meyers, Wilmington, DE, for the appellee, State of Delaware.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The appellant, Khalid Horne, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Horne's opening brief on appeal raises several claims challenging the effectiveness of his trial counsel. Because we find the record insufficient to review the substance of Horne's claims, we remand this matter to the Superior Court for expansion of the record and reconsideration of Horne's claims in light of the expanded record. Jurisdiction will be retained.

### Trial

The record reflects that Horne was arrested in July 2001 on charges of trafficking cocaine and several related offenses. At his trial in February 2002, a State chemist testified that the weight of the crack cocaine seized from Horne was 5.01 grams. On cross-examination, the State

chemist admitted that there was a five percent margin of error in the reported weight of the drugs. Based on this testimony, defense counsel moved for a judgment of acquittal on the trafficking charge, arguing that the State had not proven beyond a reasonable doubt that the cocaine weighed five grams or more. The Superior Court denied defense counsel's motion.

The jury convicted Horne of five drug offenses, including trafficking, and resisting arrest. The Superior Court sentenced Horne to fourteen years in prison followed by probation, which included a three-year minimum mandatory sentence for trafficking cocaine.[1] This Court affirmed Horne's convictions and sentence on appeal.[2]

### Horne's Postconviction Motion

In May 2004, Horne filed his first motion for postconviction relief. The motion asserted nine claims, including eight claims of ineffective assistance of counsel and one claim challenging the legality of the search warrant. Horne also filed motions seeking the appointment of counsel and an evidentiary hearing. The Superior Court summarily dismissed the search warrant claim as previously adjudicated.[3] Without requesting a response from either trial counsel or the State, the Superior Court denied the eight claims of ineffective assistance of counsel on their merits. Because the Superior Court found no merit to Horne's postconviction motion, it concluded that neither an evidentiary hearing nor the appointment of counsel was appropriate. This appeal followed.

### Horne's Appellate Claims

In his opening brief on appeal, Horne asserts that his trial counsel was ineffective for failing to properly investigate and present an expert to challenge the State's evidence regarding the scale used to weigh the drugs seized by police during the execution of the search warrant. In response, the State cites to a conversation on the record between defense counsel and the trial judge. The State contends that the inference to be drawn from the conversation is that defense counsel did consult with an expert and made a strategic decision not to challenge the calibration of the scale. In light of this inference, the State contends, Horne could not overcome the presumption that his counsel's performance was professionally reasonable.[4]

### Ineffectiveness Claims First Postconviction Motion

■ This Court consistently has held that it will not consider a claim of ineffective assistance of counsel in a direct criminal appeal if the issue has not been decided on the merits in the trial court.[5] The rationale for this rule arises from "the reviewing Court's need to have before it a complete record on the question of counsel's alleged incompetency ...."[6] As a practical matter, therefore, a defendant's first and best opportunity to raise an ineffective assistance of counsel claim is in a timely motion for postconviction relief filed

---

1. At the time of Horne's conviction, the sentence for trafficking cocaine weighing more than five grams but less than fifty grams was three years minimum mandatory. *See* Del. Code Ann. tit. 16, § 4753A(a)(2)a (1995).

2. *Horne v. State*, 817 A.2d 804 (Table) (Del. 2003).

3. *See* Del.Super. Ct.Crim. R. 61(i)(4).

4. *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

5. *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

6. *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985).

pursuant to Superior Court Criminal Rule 61.

Once a motion for postconviction relief is filed, the Superior Court, in its discretion, may proceed in a number of different ways. If it "plainly appears from the motion" and record that the defendant is not entitled to relief, the Superior Court may summarily dismiss the petition.[7] If the defendant is indigent and the motion presents a "substantial ground for relief," the Superior Court may appoint counsel to represent the defendant in the postconviction proceedings.[8] If the motion is not summarily dismissed, the Superior Court "shall order the attorney general to file a response."[9] The Superior Court also may direct that the record be expanded to include, without limitation, documents, transcripts or exhibits from appellate or habeas corpus proceedings.[10] If the motion contains allegations of ineffective assistance of counsel, "the judge *may* direct the lawyer who represented the movant to respond to the allegations"[11] and thereafter may hold an evidentiary hearing.[12]

 Although Rule 61 does not require the Superior Court to obtain trial counsel's affidavit in response to the defendant's allegations of ineffective assistance of counsel, we find that to be the preferable practice in a case like this involving a first postconviction motion containing ineffectiveness claims. Without either an affidavit from trial counsel or an evidentiary hearing on the allegations, "trial counsel would have neither an opportunity to be heard, nor the chance to defend himself against such charge of incompetency."[13]

More importantly, without counsel's affidavit or sworn testimony, the record upon which this Court must base its appellate review of the reasonableness of counsel's representation is incomplete and inadequate.

### Conclusion

Accordingly, we conclude that this matter must be remanded to the Superior Court for expansion of the record to include trial counsel's affidavit in response to Horne's allegations. In its discretion, the Superior Court may direct the parties to respond to the affidavit and hold an evidentiary hearing, if necessary. The Superior Court is directed to issue supplemental findings and conclusions on Horne's postconviction motion based upon the expanded record. Jurisdiction is retained.[14]

---

7. Del.Super. Ct.Crim. R. 61(d)(4).

8. *Id.* 61(e).

9. *Id.* 61(f).

10. *Id.* 61(g)(2).

11. *Id.* (emphasis added).

12. *Id.* 61(h).

13. *Duross v. State,* 494 A.2d at 1267.

14. Del.Supr. Ct. R. 19(c).