PAUL A. FAHMY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 89, 2008
Supreme Court of Delaware.
Submitted: October 17, 2008
Decided: January 20, 2009
Before HOLLAND, BERGER and RIDGELY, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 20th day of January 2009, after careful consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Paul Fahmy, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. We find no merit to the arguments Fahmy raises on appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that a Superior Court jury convicted Fahmy of attempted first degree murder and possession of a firearm during the commission of a felony. The Superior Court sentenced Fahmy in March 2006 to a total period of twenty years at Level V incarceration, to be followed by decreasing levels of supervision. This Court affirmed his convictions and sentence on direct appeal.[1] Fahmy then filed a motion for postconviction relief, which the Superior Court denied.[2] This appeal followed.
(3) The record at trial fairly supports the following version of facts, which were recited by this Court in its decision on Fahmy's direct appeal:[3]
On the evening of October 14, 2004, Fahmy and codefendant, Charles Morgan ("Morgan"), picked up the victim, Darnell Lane ("Lane"), and drove to a secluded wooded area in New Castle County. The three had been drinking, and Morgan told Lane they were going to meet up with some girls. Morgan, Fahmy and Lane then walked into the woods where Lane was shot (not fatally) in the back of the head. Upon being shot, Lane turned around to see Morgan and Fahmy standing a few feet behind him and staring at him. Lane then heard a second gunshot and saw a flash coming from Fahmy. Frightened, Lane quickly turned from his assailants and ran to the nearest house where he asked the residents to call an ambulance. He was then taken to a hospital where he was interviewed by the police. He identified his attackers as Fahmy and Morgan.
The State's primary witnesses, Lane and Mitzy Osorio ("Osorio"), testified about the events leading up to the assault. A few days before the shooting, Lane, Morgan and Osorio, Morgan's sometime girlfriend, were drinking and driving in Osorio's car. At some point during their drive, Morgan stopped at a friend's house and exited the car, leaving Osorio and Lane alone in the vehicle. During that time, Lane offered Osorio money for oral sex, but she rejected the proposition. Later that night, when Lane left the car, he took a CD player belonging to Osorio's son without her permission. During the next few days, Osorio demanded that Morgan get the CD player back from Lane. She also told Morgan about Lane's unwelcome sexual advances. Osorio testified that Lane's actions angered Morgan.
(4) Fahmy enumerates seven arguments in his opening brief on appeal. Primarily, Fahmy argues that he received ineffective assistance from his trial counsel. He also contends that the Superior Court abused its discretion in failing to expand the record on his postconviction motion by obtaining defense counsel's response to Fahmy's allegations of ineffective assistance. In his five remaining issues, Fahmy argues that the trial judge erred by: (i) allowing narrative testimony at trial; (ii) failing to ensure Fahmy received a fair and unbiased trial; (iii) failing to grant a mistrial due to jury impropriety; (iv) allowing evidence of a pretrial photographic line-up to be admitted at trial; and (v) denying Fahmy his right to confront witnesses.
(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[4] To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the trial would have been different.[5] The defendant must set forth and substantiate concrete allegations of actual prejudice.[6] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[7]
(6) When a defendant files a timely first postconviction motion alleging ineffective assistance of trial counsel, this Court has noted that it is preferable to obtain defense counsel's response to the allegations in order to have a complete record for review.[8] The record in this case reflects that defense counsel did file a response to Fahmy's allegations. Fahmy was copied on that response, and the Superior Court referenced counsel's response and took it into consideration in addressing Fahmy's claims. Accordingly, we find no factual basis for Fahmy's allegations that the Superior Court failed to obtain defense counsel's response to his motion.
(7) Fahmy raised four specific allegations against his trial counsel. His counsel responded to all four allegations, and the Superior Court addressed all four allegations. Specifically, Fahmy argued that counsel was ineffective because he failed to move for a sentence modification, failed to confer with Fahmy adequately prior to trial, talked to witnesses without Fahmy's consent, and failed to pursue a motion to sever Fahmy's trial from his codefendant.
(8) With respect to the first allegation, the Superior Court noted that most of Fahmy's sentence was mandatory minimum time; thus, there was no legal basis for counsel to seek a modification of sentence. Furthermore, the court found that Fahmy's contentions that counsel failed to confer with him and also interviewed witnesses without his consent were conclusory allegations that were unsupported by the record. Finally, the trial court concluded that counsel's decision not to pursue severance of Fahmy's trial was based on a reasonable, strategic decision to keep Fahmy's codefendant from testifying against Fahmy. The court concluded this was a strategic choice within counsel's discretion and it did not fall below an objective standard of reasonableness.[9] We agree. We find no merit to Fahmy's allegations of ineffective assistance of counsel.
(9) With respect to Fahmy's remaining five postconviction claims, this Court first must apply the procedural requirements of Rule 61 before considering the merits of any postconviction claims.[10] Rule 61(i)(3) provides that any claims that were not asserted in the proceedings leading to the judgment of conviction are thereafter barred unless the petitioner can establish cause and prejudice to excuse the procedural default.[11]
(10) In this case, Fahmy raised claims in his postconviction motion that were not previously raised at trial or on direct appeal. Specifically, Fahmy claimed that the trial court improperly admitted a narrative statement against him, that the composition of his jury was unfair, that jurors engaged in misconduct, that the trial court improperly admitted a pretrial photographic array, and that he was denied his confrontation rights when the State failed to call a particular witness. These claims either were not raised at trial or were not pursued on direct appeal. Fahmy offers no cause for failing to raise these claims earlier, nor do we find any. As such, we conclude that these claims are procedurally barred by Rule 61(i)(3).[12]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Fahmy v. State, 2006 WL 2842726 (Del. Oct. 5, 2006).
[2] State v. Fahmy, 2008 WL 215193 (Del. Super. Jan. 22, 2008).
[3] Fahmy v. State, 2006 WL 2842726 at *1.
[4] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[5] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[6] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[7] Strickland v. Washington, 466 U.S. at 689.
[8] Horne v. State, 887 A.2d 973, 975 (Del. 2005).
[9] Strickland v. Washington, 466 U.S. at 689.
[10] Younger v. State, 580 A.2d at 554.
[11] Del. Super. Ct. Crim. R. 61(i)(3). The rule provides, "Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from a violation of the movant's rights."
[12] Id.