RONALD COMEGER, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 631, 2008.
Supreme Court of Delaware.
Submitted: July 31, 2009.
Decided: August 10, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice
This 10th day of August 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Ronald Comeger, filed an appeal from the Superior Court's December 2, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) The record reflects that, in May 2005, Comeger was charged with Possession With Intent to Deliver Heroin and four other related offenses. Comeger subsequently moved to suppress the evidence against him. The Superior Court denied the motion. Comeger waived his right to a jury trial and was tried by a Superior Court judge on stipulated facts. He was adjudged guilty of Possession With Intent to Deliver Heroin, Conspiracy in the Second Degree, and Resisting Arrest. Comeger subsequently appealed to this Court and we affirmed the decision of the Superior Court.[1]
(3) The stipulated facts reflect that a confidential police informant told a New Castle County Police officer that an African-American man known as "D" was selling heroin in New Castle County. Advised by the informant of the time and place for a "buy," the officer set up surveillance at a 7-Eleven store on Maryland Avenue. At the designated time, a man fitting the description of the seller was observed exiting a car and entering the 7-Eleven. The informant nodded to the police officer, indicating that the man was, in fact, "D." "D" ultimately was apprehended. A search of "D," later identified as Comeger, yielded a number of individually-wrapped baggies containing a white powder later identified as heroin.
(4) In this appeal from the Superior Court's denial of Comeger's postconviction motion, Comeger claims that the Superior Court abused its discretion when it a) summarily dismissed his postconviction motion without requesting a response from the State or an affidavit from his counsel, and without holding an evidentiary hearing; and b) failed to find ineffective assistance based upon his counsel's failure to move for dismissal of the charges and/or reargument of his suppression motion in light of conflicting testimony by the police concerning the existence of a tape recording of a conversation between him and a police informant prior to the "buy." To the extent that Comeger has failed to assert claims that were raised previously, such claims are deemed to be waived and will not be considered by this Court.[2]
(5) This Court has ruled that, where a defendant raises a claim of ineffective assistance of counsel in his first motion for postconviction relief, the "preferable practice" is to obtain counsel's affidavit in response to the claim before resolving it.[3] However, trial counsel's affidavit is not required in every such situation. When the record is adequate to resolve the claim without counsel's affidavit or an evidentiary hearing, summary dismissal is appropriate.[4] This is such a case. There is no evidence in the record before us that the existence or non-existence of a tape recorded conversation between Comeger and the police informant had any impact whatsoever on the outcome of this case. As such, Comeger has failed to demonstrate any error or abuse of discretion on the part of the Superior Court in summarily dismissing his claims or any prejudice to him as the result of error on the part of his counsel.[5] We, therefore, conclude that Comeger's claims are without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Comeger v. State, Del. Supr., No. 414, 2006, Holland, J. (Jan. 30, 2008).
[2] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In the Superior Court, Comeger also claimed that the Superior Court erred in denying his suppression motion and that his appellate counsel provided ineffective assistance by failing to consult with him.
[3] Horne v. State, 887 A.2d 973, 975 (Del. 2005).
[4] Super. Ct. Crim. R. 61(d)(4); 61(g)(1) and (2), and 61(h)(3); Franklin v. State, Del. Supr., No. 622, 2005, Ridgely, J. (May 17, 2006); Webb v. State, Del. Supr., No. 491, 2006, Jacobs, J. (Dec. 12, 2006).
[5] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).