JEROME SULLINS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 216, 2008.
Supreme Court of Delaware.
Submitted: October 14, 2009.
Decided: October 23, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Jack B. Jacobs, Justice.
This 23rd day of October 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Jerome Sullins ("Sullins") appeals from a Superior Court denial of his pro se motion for post-conviction relief. Sullins contends his trial counsel was ineffective for failing to move to suppress an allegedly illegal search, which on second remand, the Superior Court found had been conducted by probation officers. We affirm.
2. In April 2004, Delaware State Police Detective Clemons learned from an informant that Sullins had crack cocaine for sale at his residence.[1] At Detective Clemons' request, the informant telephoned Sullins and arranged to buy cocaine from him. Detective Clemons then notified the Wilmington Police of the impending transaction. Because Sullins was on probation, the Wilmington Police notified officials at Probation and Parole.
3. Probation officers, accompanied by Wilmington Police, went to Sullins' residence. Sullins was waiting in his front doorway and, upon seeing the officers, fled into his home. The officers followed, and apprehended Sullins inside. After a search of Sullins and his home, the officers found cash in Sullins' pockets, cocaine, and a scale.
4. In April 2006, Sullins was found guilty of trafficking in cocaine, possession of cocaine, maintaining a dwelling for keeping controlled substances, and possession of drug paraphernalia.[2] The Superior Court sentenced Sullins to twenty years at Level 5 incarceration, suspended at decreasing levels of supervision after ten years.[3] On direct appeal, this Court affirmed Sullins' convictions.[4]
5. Sullins moved pro se for post-conviction relief, claiming ineffective assistance of counsel. On April 25, 2008, the Superior Court denied all but one of Sullins' claims.[5] Sullins appealed.
6. This Court held that Sullins properly presented a claim that his counsel was ineffective for failing to move to suppress the evidence seized during the warrantless search.[6] Giving this claim the "broadest reading," we concluded that Sullins is arguing that "the search of his home by Wilmington police, accompanied by probation officers, was illegal because officers did not independently determine the reliability of the information provided by the State Police Detective's confidential informant...." According to Sullins, this action violated Culver v. State which held that probation officers must independently assess the reliability of information provided by police officers before conducting a warrantless search of a probationer's home.[7] We remanded the case to the Superior Court to expand the record by obtaining defense counsel's affidavits in response to Sullins' claim.[8]
7. After obtaining the affidavits, the Superior Court adhered to its initial opinion denying relief.[9] In addition, the court noted that Culver was not decided until after Sullins' conviction, and, even if Culver pre-existed, it is distinguishable because here the information was obtained first hand from Detective Clemmons.[10] Thus, the Superior Court held that counsel was not ineffective in failing to move to suppress the evidence based on Culver.[11]
8. After supplemental briefing by both parties, we again remanded to resolve a perceived inconsistency that was case dispositive.[12] We read the Superior Court's original disposition as describing a "police search," but the opinion on remand stated that the search was performed by probation officers.[13] We noted that if the search was a warrantless "police search," then Sullins' counsel was likely ineffective, but if the search was by probation officers, then counsel was likely not ineffective in failing to move to suppress.[14]
9. On the second remand, the Superior Court definitively found that the search was "a proper administrative search conducted by probation officers."[15] That permits us now to decide Sullins' initial appeal from his denial of post-conviction relief.
10. Sullins claims that his counsel was ineffective for failing to move to suppress the evidence seized during an administrative search, because probation officers did not independently verify the information, as Culver requires. We review the Superior Court's denial of post-conviction relief for abuse of discretion.[16]
11. To prevail on a claim of ineffective assistance of counsel, defendant must show that: (i) counsel's representation fell below an objective standard of reasonableness, and (ii) but for counsel's unprofessional errors, the result of the proceedings would have been different.[17] Moreover, there is a strong presumption that counsel's representation was professionally reasonable.[18]
12. Because the search of Sullins' residence was performed by probation officers, and Culver is inapplicable because it had not yet been decided, counsel's actions in not moving to suppress did not fall below the standard of reasonableness.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Facts giving rise to this appeal are taken from our Opinion and Order denying Sullins' direct appeal. See Sullins v. State, 930 A.2d 911, 912-13 (Del. 2007).
[2] Id. at 914-15.
[3] Id. at 915.
[4] Id. at 918.
[5] State v. Sullins, 2008 WL 1922292, at *1 (Del. Super. Ct. Apr. 25, 2008). The Court granted Sullins' claim for relief of the possession of cocaine conviction, because this charge was merged into the trafficking conviction.
[6] Remand Order I, at 4 (Feb. 2, 2009). Sullins' other claims were barred because they were not presented in the first instance to the Superior Court, see Del. Supr. Ct. R. 8, or they were not pursued in the text of Sullins opening brief, see Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993).
[7] Culver v. State, 956 A.2d 5, 14 (Del. 2008).
[8] Remand Order I, at 5-6. When a defendant raises ineffective assistance of counsel claims in a postconviction motion, the "preferable practice" is to obtain defense counsel's affidavit in response. Id. citing to Horne v. State, 887 A.2d 973, 975 (Del. 2005).
[9] State v. Sullins, 2009 WL 1065856, *2 (Del. Super. Apr. 20, 2009) (hereinafter "Opinion on Remand I").
[10] Id. at 1. Detective Clemmons listened in on the conversation between the confidential informant and the defendant concerning the drug transaction. Id. But in Culver, police passed along a "tip" from an anonymous caller. Culver, 956 A.2d at 7.
[11] Opinion on Remand I, at *1.
[12] Remand Order II (July 23, 2009), at 9.
[13] Id. at 8.
[14] Id. It would have been objectively unreasonable for counsel not to move to suppress, because warrantless police searches of a home are presumptively illegal and no exception to the warrant requirement appears applicable.
[15] The Superior Court relied on the following evidence in support of its conclusion: affidavits by both of defendant's attorneys; and copies of the reports from the Wilmington Police Department, Delaware State Police Department, and the Probation Office, all of which explicitly state the search was conducted by probation officers.
[16] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[17] Id.; Strickland v. Washington, 466 U.S. 668, 694 (1984).
[18] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).