ORDER
This 16th day of May 2011, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Jamel Daniels, filed an appeal from the Superior Court's September 22, 2010 order denying his first motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that, in July 2001, Daniels and co-defendant Leon Price were indicted by a Superior Court grand jury on charges of Intentional Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. The cases were severed and Daniels was found guilty of both charges by a Superior Court jury in June 2003.[1] He was sentenced to life in prison on the murder conviction and to a total of twenty years at Level V on the weapon convictions. Daniels' convictions were affirmed by this Court on direct appeal.[2]
Represented by counsel, Daniels filed his first motion for postconviction relief in March 2008. He filed an amended motion for postconviction relief in April 2010.
(3) In this appeal from the Superior Court's denial of his first motion for postconviction relief, Daniels claims that a) his trial counsel provided ineffective assistance by failing to retain an expert to conduct independent DNA testing; b) his trial counsel provided ineffective assistance by failing to assert his right to a speedy trial; and c) the prosecution breached its duty to disclose exculpatory evidence to the defense. To the extent that Daniels fails to raise claims in this appeal that were previously asserted in the Superior Court, those claims are deemed to be waived and will not be addressed by this Court.[3]
(4) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[4] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[5] The defendant must make concrete allegations of ineffectiveness, and substantiate them, or risk summary dismissal.[6]
(5) As to Daniels' first claim of ineffective assistance of counsel for failure to conduct independent DNA testing, the record reflects the following. Teri Lawton, a forensic DNA analyst for the Delaware Medical Examiner, conducted DNA testing on a cigarette butt found by police at the crime scene. For purposes of her analysis, Lawton also was provided blood samples from both Daniels and Price. At trial, Lawton testified that the DNA profiles of both Daniels and Price were present in the DNA extracted from the cigarette butt.
(6) By the time of Daniels' trial in June 2003, DNA "fingerprinting" was universally accepted as a reliable method of establishing identity in criminal cases.[7] While Daniels claims that Lawton's methodology in testing the DNA "failed to meet the standard for scientific reliability," he provides absolutely no support for that statement. As such, Daniels' conclusory allegation falls well short of what is required under Strickland and, therefore, his first claim of ineffective assistance must fail.
(7) As to Daniels' second claim of ineffective assistance of counsel for failure to assert a speedy trial claim, the record reflects the following. Daniels was extradited from Pennsylvania on August 1, 2001. On August 7, 2001, Daniels' trial was scheduled for March 4, 2002. After requests from all parties, the Superior Court re-scheduled trial for June 18, 2002. Because of budgetary issues unrelated to Daniels' case, the Superior Court moved the trial to October 2002. In the interim, Daniels and Price had moved to sever their trials. The Superior Court set Price's trial for October 2002, with Daniels' trial to follow in January 2003.
(8) Following the United States Supreme Court's decision inRing v. Arizona, 536 U.S. 584 (2002), Daniels' trial was further delayed as Delaware's General Assembly amended the death penalty statute. In addition, the Superior Court stayed all capital cases pending this Court's determination of several certified questions.[8] Following this Court's determination of those questions on January 16, 2003, [9] the stay was lifted and Daniels' trial went forward on May 20, 2003. The record does not reflect any manipulation or undue delay on the part of the State. As such, we conclude that there is no basis for a speedy trial claim in this case.[10] Therefore, Daniels' ineffectiveness claim on that ground must fail.[11]
(9) Daniels' third claim that the State failed to turn over an exculpatory statement to the defense is procedurally barred pursuant to Rule 61(i)(3) because it was not raised in Daniels' direct appeal. The record reflects that the claim has no merit in any case. According to Daniels, the statement was made by one Phillip Hazzard, an inmate at the Pennsylvania jail where Daniels and Price were being held while awaiting extradition to Delaware. Daniels produces a copy of this statement for the first time in this appeal.[12]
(10) In the statement, Hazzard mentions two other individuals who appear to have been aware of the circumstances of the murder. Hazzard, however, does not state that Daniels did not commit the crime. Given that two eyewitnesses testified at trial that they watched Daniels and Price commit the murder and that Daniels' and Price's DNA was found at the crime scene, it is highly unlikely that Hazzard's statement, even assuming that the trial judge would have admitted it into evidence, would have had any impact whatsoever on the outcome of the trial. We, therefore, conclude that Daniels' third claim also is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
[1] Price also was found guilty of both charges.
[2] Daniels v. State, 859 A.2d 1008 (Del. 2004).
[3] Murphy v. State, 632 A.2d 1150, 1152 (Del. 1993). In his motion for postconviction relief filed in the Superior Court, Daniels also claimed that the prosecutor's closing argument at trial was improper and his counsel on direct appeal provided ineffective assistance.
[4] Strickland v. Washington, 466 U.S. 668, 688, 694
(1984).
[5] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[6] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[7] Anderson v. State, 831 A.2d 858, 860-61 (Del. 2003).
[8] Page v. State, 934 A.2d 891, 895 (Del. 2007).
[9] Brice v. State, 815 A.2d 314 (Del. 2003).
[10] Middlebrook v. State, 802 A.2d 268, 273 (Del. 2002) (citing Barker v. Wingo, 407 U.S. 514, 530
(1972) (courts should assess four factors in determining whether the right to a speedy trial has been violated — a) the length of the delay; b) the reason for the delay; c) the defendant's assertion of the right; and d) prejudice to the defendant)).
[11] While we have ruled that it is preferable for the Superior Court to request the affidavit of trial counsel when claims of ineffective assistance of counsel are raised in the defendant's first motion for postconviction relief, we conclude, under the particular circumstances of this case, that the Superior Court acted within its discretion by not requiring Daniels' trial counsel to file an affidavit. Super. Ct. Crim. R. 61(g)(2); Horne v. State, 887 A.2d 973, 975 (Del. 2005).
[12] Supr. Ct. R. 8.