IN THE SUPREME COURT OF THE STATE OF DELAWARE

| JAMEL DANIELS, | § | |
|---|---|---|
| | § | |
| Defendant Below, | § | No. 474, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 0107003610 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 28, 2014
Decided: December 8, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 8th day of December 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Jamel Daniels, filed this appeal from the Superior Court's denial of his second motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Daniels' opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in June 2003, a Superior Court jury found Daniels guilty of Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. Daniels was sentenced to life imprisonment for murder and an additional twenty years for the weapons offense. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) Daniels, represented by counsel, filed his first motion for postconviction relief on March 19, 2008 and a supplemental motion on April 30, 2010. In his motions, Daniels argued that: (i) his trial counsel provided ineffective assistance by failing to retain an expert to conduct an independent examination of DNA evidence on a cigarette butt found at the crime scene, failing to pursue the discovery of exculpatory evidence, and failing to insist on a speedy trial; (ii) the State failed to disclose that the DNA evidence was weak, failed to correct a witness' testimony concerning the accreditation of the Office of the Chief Medical Examiner's ("OCME") laboratory, failed to produce recordings in which Daniels' co-defendant Lou Price[3] did not implicate Daniels in the murder, failed to turn over the statement of a witness who heard Price implicate two other individuals people for the murder, and committed prosecutorial misconduct during closing argument;

---

[2] *Daniels v. State*, 859 A.2d 1008 (Del. 2004).

[3] Both Daniels Price were indicted for the murder of Kensworth Griffith, but were tried separately.

2

(iii) his right to a speedy trial was violated; and (iv) his appellate counsel provided ineffective assistance by only raising the prosecutorial misconduct claim on appeal. On September 22, 2010, the Superior Court denied Daniels' postconviction motion. The Superior Court concluded that the ineffective assistance of counsel claims were without merit and that the other claims were procedurally barred under Superior Court Criminal Rule 61(i) ("Rule 61") and without merit. Daniels filed a *pro se* appeal and we affirmed the judgment of the Superior Court.[4]

(4) Daniels filed his second motion for postconviction relief on August 1, 2013. In this motion and supporting memorandum, Daniels argued that: (i) his trial counsel was ineffective because Daniels could not be convicted for Murder in the First Degree under the State's theory of the case and the jury instructions under 11 *Del. C.* §§ 271 and 274; (ii) his trial counsel was ineffective for failing to provide contrary serological and ballistic evidence; (iii) his trial and appellate counsel were ineffective for excluding the testimony of a witness who heard Price implicate two other individuals people for the murder; (iv) his trial counsel was ineffective for failing to file a motion to suppress evidence obtained after Daniels was illegally arrested in a drug bust conducted by Pennsylvania police the night after Griffith's

---

[4] *Daniels v. State*, 2011 WL 1900438 (Del. May 16, 2011).

murder;[5] (v) Pennsylvania police did not have probable cause to arrest Daniels because he was only a passenger of the car driven by the individual who was caught selling drugs; (vi) one of Daniels' trial attorneys was reported to smell of alcohol during the trial and suffered from Alzheimer's; (vii) a witness committed perjury in testifying about the accreditation of the OCME laboratory; (viii) the Superior Court improperly excluded or his counsel failed to include testimony of a witness who heard Price identify other individuals for the murder of Griffith; and (ix) the State's confusing or mislabeled production of materials relating to a prison informant's communications with Price about Price's motive for killing Griffith, which was different than the motive that multiple witnesses testified to at trial, was a violation of *Brady v. Maryland*.[6]

(5) On August 1, 2014, the Superior Court denied Daniels' second postconviction motion. The Superior Court found that Daniels' claims were procedurally barred under Rule 61(i) and without merit. This appeal followed.

---

[5] Daniels, Price, and two other individuals who testified that Daniels and Price shot Griffith at Daniels' trial were all arrested after Price sold drugs to an undercover police officer. At that time, Price was already a suspect in Griffith's murder. A search of the car driven by Price and occupied by Daniels revealed evidence that linked Griffith to the car.

[6] 373 U.S. 83 (1963).

(6)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[7] The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[8]

(7)     Daniels does not dispute that his claims were untimely under Rule 61(i)(1), repetitive under Rule 61(i)(2), procedurally defaulted under Rule 61(i)(3), and previously adjudicated under Rule 61(i)(4).  To overcome these procedural hurdles, Daniels primarily argues that he pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based on the ineffective assistance of his trial counsel, appellate counsel, and postconviction counsel.  Daniels contends that his  counsel was ineffective because: (i) because they failed to investigate and present favorable evidence; (ii) Daniels could not be convicted of Murder in the First Degree under the State's theory of the case and the jury instructions under 11 *Del. C.* §§ 271 and 274; (iii) they failed to file a motion to suppress evidence obtained after Daniels was illegally arrested in Pennsylvania or advance an argument based on the illegal arrest; and (iv) they failed to challenge the testimony of a State witness who committed perjury regarding the accreditation of the OCME laboratory and who was overseen by the recently terminated director of the OCME.  Daniels also claims that the State failed to turn over exculpatory material referring to a prison

---

[7] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

informant's communications with Price about Price's motive for killing Griffith. Any claims that Daniels raised in the Superior Court, but failed to argue in his opening brief are waived.[9]

(8)    To prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[10]  Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice.[11]  Daniels does not make or substantiate any concrete claims of actual prejudice in support of his conclusory claim that his counsel failed to investigate and present favorable evidence.  Multiple witnesses testified that Daniels was Price's right-hand man, there was eyewitness testimony that Daniels shot Price, and Daniels' DNA appeared on a cigarette butt at the scene of the murder.  Daniels identifies nothing his counsel should have discovered that raises a reasonable probability of a different outcome.

---

[9] Del. Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[10] *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984).

[11] *Dawson v. State*, 673 A.2d at 1196.

6

(9) As far as his claim that his counsel failed to recognize or argue that he could not be convicted of Murder in the First Degree, Daniels is mistaken in his belief that he could only be convicted under an accomplice theory of liability. The State requested jury instructions on accomplice liability, but Daniels' counsel objected. The Superior Court found there was no evidentiary basis for accomplice liability instructions because the State presented evidence at trial that both Price and Daniels shot Griffith.

(10) In arguing that his counsel should have moved to suppress evidence obtained after Price was illegally arrested in Pennsylvania or make an argument based on his illegal arrest, Daniels ignores the events leading to the identification of his DNA on a cigarette butt at the scene of the murder and his identity as one of the shooters. Multiple witnesses identified Price as a suspect in Griffith's murder and Daniels as Price's right-hand man. Police also determined that Price and Daniels smoked cigarettes, but that the other individuals in Price's car the night after the shooting did not smoke cigarettes. Based on this information, police obtained a search warrant for a blood sample from Daniels and matched the sample to DNA on the cigarette butt. There was also eyewitness testimony that Daniels shot Griffith. Daniels has thus failed to substantiate any concrete allegations of actual prejudice resulting from the lack of a motion to suppress or argument based on illegal arrest (even assuming there was a basis for such a motion or argument).

(11) Daniels' claim that his counsel should have challenged the credibility of an OCME witness who testified in 2003 because she was overseen by someone who was terminated in 2014 was not raised in the Superior Court and will not be considered for the first time on appeal.[12] Daniels also claims that his counsel failed to challenge the witness' alleged perjury regarding the accreditation of the OCME laboratory. This claim is not supported by the record. The accreditation issue was raised by Daniels' counsel in his first postconviction motion and rejected by the Superior Court.

(12) The emails offered by Daniels in support of this claim suggest, at most, that the OCME laboratory was accredited by Forensic Quality Services rather than National Forensic Science Technology. Daniels has not substantiated any concrete claims of actual prejudice that he suffered as a result of his trial counsel and appellate counsel not discovering this minor mistake. Under these circumstances, Daniels' ineffective assistance of counsel claims do not constitute a colorable claim of a miscarriage of justice under Rule 61(i)(5).

(13) Turning to Daniels' *Brady* claim, it appears from the record that materials relating to a prison informant's communications with Price were turned over to Daniels' counsel. The materials reflect that one of Price's reasons for killing Griffith was that Griffith knew of another murder committed by Price. At

---

[12] Supr. Ct. R. 8.

8

trial, multiple witnesses testified that Price killed Griffith because Griffith owed him money. Given the testimony that Daniels was Price's right-hand man and shot Griffith, it is highly unlikely that evidence of Price having another motive to kill Griffith would have had any impact on the outcome of the trial. Daniels thus fails to state a colorable claim of a miscarriage of justice based on this evidence.

(14) To the extent Daniels tries to argue that all or some of his claims should be reconsidered in the interest of justice under Rule 61(i)(4), he fails to offer any arguments in support of this claim. An appellant must state the merits of an argument in his opening brief or that argument will be waived.[13] Daniels fails to state the merits of this argument and has therefore waived it.[14]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[13] Del. Supr. Ct. R. 14(b)(vi)(A)(3).

[14] *Murphy v. State*, 632 A.2d at 1152.

9