IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK Q. GRAYSON, | § | |
| | § | No. 585, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1205001056 |
| STATE OF DELAWARE, | § | 1208019525 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 26, 2016
Decided: May 16, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 16th day of May 2016, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    This appeal is from the Superior Court's order dated September 29, 2015, denying a motion for postconviction relief filed by the appellant, Mark Q. Grayson. We review the denial of postconviction relief for abuse of discretion and questions of law *de novo*. In this case, the Court concludes that the denial of postconviction relief should be affirmed.[1]

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

(2) On March 12, 2013, with the assistance of appointed counsel, Grayson entered into a plea agreement resolving two indictments. Grayson pled guilty to two counts of Unlawfully Obtaining Possession of a Prescription Drug and no contest to Terroristic Threatening of a Public Official.

(3) Under the plea agreement, Grayson agreed that he qualified for sentencing as a habitual offender under 11 *Del. C.* § 4214(a).[2] When imposing a sentence under 11 *Del. C.* § 4214(a), the Superior Court has the discretion to impose a sentence of up to life in prison.[3]

(4) In Grayson's case, the State agreed to seek habitual offender sentencing only for the offense of Terroristic Threatening and to recommend a sentence of only four years at Level V for that offense. For the two counts of Unlawfully Obtaining a Prescription Drug, the plea agreement provided for open sentencing following a presentence investigation.

(5) At sentencing on May 24, 2013, the Superior Court granted the State's unopposed motion to declare Grayson a habitual offender and sentenced Grayson to four years at Level V for Terroristic Threatening. For the two drug convictions, the Superior Court sentenced Grayson to a total of six years at Level V, suspended after six months for probation.

---

[2] 11 *Del. C.* § 4214(a) (Supp. 2016).
[3] *Id.*

2

(6) In August 2013, Grayson filed a motion for correction of sentence claiming that he did not qualify for sentencing as a habitual offender. The Superior Court denied the motion as without merit.

(7) On March 25, 2014, Grayson filed a timely motion for postconviction relief claiming that his guilty plea was involuntary because "[he] did not understand what [he] was signing." The Superior Court appointed postconviction counsel for Grayson. After reviewing the record, Grayson's postconviction counsel moved to withdraw on the basis that he could find no grounds to seek postconviction relief. In a supporting memorandum, postconviction counsel explained why he had concluded that Grayson's involuntary guilty plea claim was without merit. Grayson filed a response to postconviction counsel's motion to withdraw, postconviction counsel answered Grayson's response, and the State filed an answer asking the Superior Court to deny the postconviction motion.

(8) In his response to postconviction counsel's motion to withdraw, Grayson asserted that, before entering into the plea agreement, his guilty plea counsel told him that the State agreed to recommend no more than four years at Level V *for all three offenses*. Grayson told the Superior Court that support for his contention could be found in the sentencing transcript from statements made by his guilty plea counsel at sentencing. Grayson also told the court that he was illiterate

and therefore relied heavily on his counsel to fully explain the terms of the plea agreement.

(9) The Superior Court denied Grayson's motion for postconviction relief and granted postconviction counsel's motion to withdraw. On appeal from that order, Grayson reiterates the claims raised in the postconviction proceedings.

(10) To prevail on a postconviction claim of ineffective assistance of counsel in the context of a guilty plea, a movant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the movant would not have pleaded guilty and would have insisted on going to trial.[4] This Court has stated that it is preferable for the Superior Court to obtain counsel's affidavit in response to claims of ineffective assistance of counsel in a first postconviction motion.[5] There are times, however, when an affidavit is not necessary to evaluate an ineffective counsel claim, such as when the court assumes for the purpose of

---

[4] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[5] *Horne v. State*, 887 A.2d 973, 975 (Del. 2005) (concluding that the Superior Court record required trial counsel's sworn testimony to evaluate claim of ineffective assistance of counsel).

argument that counsel's representation was unreasonable[6] or when the available record is adequate to resolve the claim.[7]

(11) In this case, the Superior Court did not ask guilty plea counsel to file an affidavit in response to Grayson's claim of ineffective assistance of counsel. Nonetheless, the available record is adequate to review the claim. Assuming, for the sake of argument, that both Grayson and his guilty plea counsel believed that the State agreed to recommend no more than four years at Level V for all three offenses in the plea agreement, and that neither Grayson nor his counsel noticed that the written plea agreement stated otherwise, the record reflects that Grayson entered into the guilty plea intelligently and voluntarily.

(12) During the guilty plea colloquy, the Superior Court specifically asked Grayson if he understood that he could be sentenced to the maximum penalty *for each of the three offenses* to which he was pleading guilty. Grayson answered "Yes."[8] Moreover, Grayson acknowledged that the terms of the written plea agreement, which were read to him in open court, represented his understanding of the agreement, and that he understood that the court was not required to impose the

---

[6] *See Franklin v. State*, 2006 WL 1374675 (Del. May 17, 2006) (concluding that an affidavit from defense counsel was not necessary to decide a claim of ineffective assistance of counsel when the trial judge assumed that counsel's representation was unreasonable).

[7] *See Weston v. State*, 2007 WL 135606 (Del. Jan. 11, 2007) (concluding that the defendant's allegation of ineffective assistance of counsel was sufficiently belied by the record and that neither the trial court nor the appellate court needed an affidavit from counsel to rule on the claim).

[8] Hr'g Tr. at 8 (March 12, 2013).

5

sentence recommended by the State. At no time during the guilty plea hearing or at sentencing did Grayson complain that his guilty plea counsel failed to fully inform him about the terms of the plea agreement, the extent of the State's sentence recommendation, or the extent of the other penalties he faced under the plea agreement.

(13) Also, the Court notes that Grayson did not contend in the postconviction proceedings that, but for his guilty plea counsel's alleged ineffectiveness, he would not have pleaded guilty and would have chosen to proceed to trial on the charges in the two indictments. This is not surprising. Had he been tried, convicted, and declared a habitual offender under § 4214(a) for even one of the offenses alleged in the two indictments, Grayson could have been sentenced to life in prison. Under the sentence imposed for his guilty plea, Grayson is required to serve only four years at Level V for Terroristic Threatening and only six months of the six years imposed at Level V for the drug charges.

(14) Under all the circumstances, the Court concludes that Grayson's guilty plea was voluntary and intelligent notwithstanding the presumed missteps of his guilty plea counsel. Grayson is bound by his answers on the guilty plea form and his sworn testimony prior to the Superior Court's acceptance of the plea.[9] Also, Grayson has not alleged, and the record does not reflect, that but for his guilty plea

_____

[9] *Somerville v. State*, 703 A.2d 629 (Del. 1997).

6

counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice