IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF MIGUEL A. | § No. 188, 2020 |
| CAMPUSANO-TEJEDA FOR A | § |
| WRIT OF MANDAMUS | § |

Submitted: June 22, 2020
Decided: July 9, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

### **ORDER**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Miguel A. Campusano-Tejeda, seeks to invoke the original jurisdiction of this Court and requests that we issue a writ of mandamus under Supreme Court Rule 43 directing the Superior Court to rule on his motion for postconviction relief under Superior Court Criminal Rule 61. We conclude that the petition is without merit and must therefore be dismissed.

(2) In July 2019, Campusano-Tejeda pleaded guilty to tier 2 drug dealing and second-degree conspiracy in Criminal ID No. 1812002465.[1] The Superior Court sentenced Campusano-Tejeda, effective December 26, 2018, to seventeen years of Level V incarceration, suspended after two years for decreasing levels of supervision. Campusano-Tejeda did not file a direct appeal, but did file a motion

---

[1] The Court has taken judicial notice of the docket in this case.

for reduction of sentence and motion for appeal of sentence in the Superior Court. The Superior Court denied both motions.

(3) On October 8, 2019, Campusano-Tejeda filed a motion for postconviction relief, which included ineffective-assistance-of-counsel-claims. The Superior Court issued a briefing schedule requiring Campusano-Tejeda's former attorneys to file affidavits responding to the factual allegations of the ineffective assistance of counsel claims by December 3, 2019. The briefing scheduled also required the Department of Justice to file a legal memorandum in response to the motion by January 31, 2020 and Campusano-Tejeda to file a reply by February 21, 2020. On November 8, 2019, Campusano-Tejeda filed amendments to his postconviction motion and a request for documents. The Superior Court provided Campusano-Tejeda with the documents he requested.

(4) On December 19, 2019, Campusano-Tejeda filed responses to his former attorneys' affidavits. On January 15, 2020, the Superior Court amended the briefing schedule to allow the Department of Justice to file the legal memorandum in response to the postconviction motion by February 28, 2020 and Campusano-Tejeda to file his reply by March 27, 2020. The response was filed on February 25, 2020. Campusano-Tejeda filed his reply on March 16, 2020. Since March 16, 2020, Campusano-Tejeda has filed three letters, a motion for reduction of sentence, and a motion to compel in the Superior Court.

(5)     In his petition for a writ of mandamus in this Court, Campusano-Tejeda argues that the Superior Court has unnecessarily delayed resolution of his motion for postconviction relief.  He also contends that the Superior Court violated the law by ordering his former attorneys to respond to his allegations of ineffective assistance and by requiring the Department of Justice to file a legal memorandum in response to his postconviction motion.  Campusano-Tejeda expresses concern that his incarceration while the postconviction motion is pending exposes him to an increased risk of contracting COVID-19.  He asks the Court to prevent further delays and to strike the response to his motion for postconviction relief.  The State has moved to dismiss the petition.

(6)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*

3

(7)     There is no basis for the issuance of a writ of mandamus in this case because Campusano-Tejeda has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him.  In requesting affidavits from Campusano-Tejeda's former attorneys, the Superior Court was not creating unnecessary delay or violating the law.  Rule 61 authorizes the Superior Court to request that former defense counsel respond to allegations of ineffective assistance.[4]  In fact, this Court has previously expressed a preference for the Superior Court to obtain former defense counsel's affidavit when there is a first postconviction motion that raises ineffective-assistance-of-counsel claims.[5]  There is also no merit to Campusano-Tejeda's contention that 29 *Del. C.* § 2504(2), which requires the Department of Justice and Attorney General to provide legal advice to all state agencies and departments, prohibits the Superior Court from ordering the Department of Justice to file a response to his motion for postconviction relief.  The Department of Justice represents the State in Campusano-Tejeda's criminal case.

(8)     We understand Campusano-Tejeda's concerns regarding COVID-19.  COVID-19 has also affected the Delaware courts in a number of ways, including a

---

[4] Super. Ct. Cr. R. 61(g)(2) (providing that the Superior Court may direct the movant's former counsel to respond to allegations of ineffective assistance).

[5] *Horne v. State*, 887 A.2d 973, 975 (Del. 2005) (recognizing that Rule 61 does not require the Superior Court to obtain an affidavit from defense counsel, but expressing preference for the Superior Court to obtain one in first postconviction proceedings involving ineffective-assistance-of-counsel claims).

4

reduction in courthouse staffing and the extension of court deadlines. In light of the current circumstances and Campusano-Tejeda's multiple filings, we cannot find that the passage of less than four months since the completion of postconviction briefing constitutes undue delay or an arbitrary refusal to act by the Superior Court.[6] Campusano-Tejeda's petition for a writ of mandamus must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[6] *See, e.g., In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (finding no arbitrary refusal to act by the Superior Court where motion for credit time had been pending for five months).