# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| V. | ) | I.D. No. 1808022193 |
| | ) | |
| Kenneth Appiah, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: August 15, 2022
Date Decided: August 18, 2022
Date Corrected: August 25, 2022[1]

## ORDER DIRECTING EXPANSION OF THE RECORD

This 25th day of August, 2022, upon preliminary consideration of Defendant Kenneth Appiah's Second Amended Motion for Postconviction Relief filed pro se (D.I. 108), Postconviction Defense Counsel's Motion to Withdraw as Counsel (D.I. 98) and Defendant's Response thereto (D.I. 107), and the record in this matter, it appears to the Court that:

(1) Following a jury trial, Defendant Kenneth Appiah was convicted of multiple felonies and sentenced to 17 years in prison followed by probation.[2] Appiah's Motion for a New Trial was denied and his convictions and sentence were affirmed on direct appeal.[3]

(2) Appiah filed a timely Motion for Postconviction Relief and Motion for Appointment of Counsel *pro se.[4]*

---

[1] The date in paragraph 12 has been corrected to December 18, <u>2022</u> instead of December 18, 2023.

[2] The jury found Appiah guilty of: Attempted Robbery First Degree; Burglary First Degree; five counts of Possession of a Firearm During the Commission of a Felony; two counts of Reckless Endangering First Degree; Menacing; and Criminal Mischief. (D.I. 27.)

[3] *State v. Appiah*, 2019 WL 6647806 (Del. Super. 2019) (D.I. 52); *Appiah v. State*, 244 A.3d 681 (Table) (Del. 2020) (D.I. 78).

[4] D.I. 80; D.I. 79.

(3)     The Court granted the Motion for Appointment of Counsel and Christopher Koyste, Esq. was appointed as Appiah's Postconviction Counsel. [5]

(4)     The Court ordered Postconviction Counsel to file an Amended Rule 61 Motion or a Motion to Withdraw by December 17, 2021.[6]

(5)     The Court granted Postconviction Counsel's unopposed request to extend his filing deadline to February 24, 2022.[7]

(6)     On February 17, 2022, Postconviction Counsel advised the Court he had just received approval from the Office of Conflict Counsel to hire a Firearms Expert and asked the Court for an additional extension of his filing deadline. Again, the State did not oppose the request, and the Court granted an extension and set a new deadline of June 24, 2022.[8]

(7)     On June 24, 2022, Postconviction Counsel filed a Motion to Withdraw and supporting Appendix.[9]

(8)     The Court granted Appiah an extension of time to file his response to the Motion to Withdraw.[10]

(9)     On August 15, 2022 Appiah filed his Response to the Motion to Withdraw and a second Amended Motion for Postconviction Relief ("Second Amended Motion").[11]

(10)    Having engaged in a preliminary review of Appiah's Second Amended Motion and his Ineffective Assistance of Counsel ("IAC") claims, the Court finds pursuant to Rule 61(g))(1) and (2) that a response by Appiah's trial counsel, Misty A. Seemans, Esq., and Appiah's appellate counsel, Nicole M. Walker, Esq., and an

[5] D.I. 84; D.I. 91.
[6] *See* D.I. 94.
[7] D.I. 93.
[8] D.I. 105; D.I. 95; D.I. 96.
[9] D.I. 98; D.I. 99.
[10] D.I. 104.
[11] D.I. 107; D.I. 108.

expansion of the record to include any materials that respond to the specific IAC allegations relating to his representation, are relevant to the determination of the merits of Appiah's Second Amended Motion.[12]

(11)   The Court further finds that Appiah has waived any attorney-client privilege or work product protection with regard to communications or materials specifically relevant to his IAC claims.[13]  Ms. Seemans and Ms. Walker shall make a diligent review of the background and materials related to their representation of Appiah, including any materials in the client's file, any court filings, and the transcript of trial and sentencing in this matter.  They shall then file affidavits specifically responding to Appiah's IAC claims.  They should include with their affidavits any additional materials relevant to the determination of the merits of the Second Amended Motion.[14]

(12)   Ms. Seemans and Ms. Walker shall file their affidavits and supporting materials on or before <u>December 18, 2022</u>.

(13)   Rule 61(f) provides that the Court may order the State's response to a postconviction motion.[15]  The Court finds that such a response is appropriate here. Consequently, the State shall file a response specifically addressing the IAC and other claims made and shall explain the factual and legal bases for the State's position on each ground for relief alleged.  The State shall include with its response

---

[12] *See Horne v. State*, 887 A.2d 973 (Del. 2005).

[13] *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS  §80(1)(b) & cmt. C (2000) ("A client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention.  Waiver affords to interested parties fair opportunity to establish the facts underlying the claim.").

[14] *See DEL. RULES OF PROF'L CONDUCT* r, 1.6(b)(6) ("A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary…to comply with other law or court order.").

[15] Super. Ct. Crim. R. 61(f)(1).

any additional materials relevant to the merits of the specific postconviction claims.[16]

(14)　The State shall file its response and supporting materials on or before <u>March 17, 2023.</u>

(15)　Appiah shall file any reply to the State's response <u>within 45 days</u> of the docketing of the State's response.

(16)　Upon the filing of Appiah's reply, or the expiration of the period to do so, the matter will be considered under advisement for decision.

**IT IS SO ORDERED.**

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

Original to Prothonotary

cc:　Matthew C. Bloom, Deputy Attorney General
　　　Misty A. Seemans, Esq.
　　　Nicole M. Walker, Esq.
　　　Christopher S. Koyste, Esq.
　　　Kenneth Appiah

---

[16] Super. Ct. Crim. Ru. 61(f)(2); _id_. At 61(g)(2).