HORSEY, Justice:
 

 We here consider the question of whether the decision of the United States Supreme Court in
 
 Strickland v. Washington
 
 — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires a modification of our State’s well-established rule that a claim of ineffective assistance of counsel will not be heard on direct or postconviction appeal, unless that claim had been raised below. We find that such established rule is not inconsistent with
 
 Strickland,
 
 and we decline to consider the defendant’s claim on direct appeal. Accordingly, we affirm.
 

 I.
 

 Following a jury trial, the defendant,. Donald Duross, was convicted in the Superior Court of unlawful delivery of methamphetamine, a controlled substance, in violation of 16
 
 Del.C.
 
 § 4752.
 
 [1]
 
 The defendant was sentenced to a minimum mandatory term of three years imprisonment.
 

 The evidence at trial revealed the following:
 

 The Delaware police were conducting an undercover investigation into the sale of controlled substances in the community of Knollwood, New Castle County. Through a confidential informant, the police learned that the defendant was selling methamphetamine from his home. An undercover officer and the informant went to the defendant’s residence for the purpose of buying methamphetamine. The officer and confidential informant approached the defendant as he was finding his ear. The informant introduced the defendant to the officer as “Duck.” The informant asked to purchase some methamphetamine, and was instructed to go to the basement of the defendant’s residence. Inside the defendant’s residence, the undercover officer negotiated the sale with the defendant. Thereafter, the defendant left for several minutes, saying that he had to go to his brother’s house to obtain the drugs. He returned, handing the drugs to the undercover officer. In the car, the officer conducted a field test and determined that the substance was methamphetamine. Several weeks later, another police officer arrested the defendant.
 

 At trial, the State offered into evidence the testimony of the undercover officer who identified the defendant as the individual from whom he purchased the methamphetamine. The arresting officer also testified, identifying the defendant as the same man who he had arrested. Moreover, he stated that, at the time of his arrest, the defendant had said that he was also known by the name, “Duck.”
 

 The defense asserted that the police had mistaken the defendant for his brother, Larry, and that Larry Duross, not the defendant, had negotiated the sale. In support of this position, the defense recalled the arresting officer who testified to having arrested Larry Duross in the past for several drug offenses. He also stated that the defendant and his brother were close in age and of similar stature. As his only other witness, the defendant called to the stand his other brother, Kenneth Duross. Kenneth Duross testified that his brothers, Donald and Larry, occupied the same bedroom, were of similar age and build, and
 
 *1251
 
 had been mistaken for one another in the past. Finally, Kenneth Duross testified that at the time of the alleged offense, his brother, Larry, had not been in prison.
 

 To rebut this evidence, the State obtained certified copies of the bail and commitment records for Larry Duross. However, the Trial Judge refused to admit the records into evidence because they were unreliable, differing as to the date of the preliminary hearing. Nonetheless, both records did show that Larry Duross was incarcerated on the day in question. Then, the State called as a witness the Assistant Chief Presentence Officer. He had prepared a presentence report for Larry Duross. He testified that in the process of preparing his report, he had determined that Larry Duross was in prison at the time of the drug transaction. The State never moved to admit the presentence report. Prior to the testimony, the Trial Judge said that he hoped that the prison would send Larry Duross’ prison record. Upon defense counsel’s objection, the Trial Judge agreed that the testimony of the presentence officer would be stricken from the record if the prison record were not received. The prison record was never received; however, the testimony of the presentence officer was not stricken. A Justice of the Peace commitment form was received instead.
 

 On direct appeal, the defendant, through newly-appointed counsel, seeks to reverse his convictions on either of two grounds: (1) that he was ineffectively represented at trial; or (2) that in admitting into evidence hearsay testimony concerning the incarceration of the defendant’s brother, the Trial Court committed reversible error.
 

 II.
 

 As his principal ground of appeal, the defendant argues that he was denied effective assistance of counsel at trial because his counsel failed to adequately investigate his assertion that his brother, not he, committed the offense and that the arresting officer misidentified him.
 

 However, the defendant concedes that Delaware law is well-settled that, on direct appeal, this Court will not hear any claims of ineffective assistance of counsel, which were not raised below.
 
 Harris v. State,
 
 Del.Supr., 293 A.2d 291, 293 (1972).
 
 See also Collins v. State,
 
 Del.Supr., 420 A.2d 170, 177 (1980);
 
 Preston v. State,
 
 Del.Supr., 306 A.2d 712, 716 (1973);
 
 Robinson v. State,
 
 Del.Supr., 305 A.2d 307, 308 (1973). The rationale for this rule arises from the reviewing Court’s need to have before it a complete record on the question of counsel’s alleged incompetency, as determined in an evidentiary hearing. Moreover, were a reviewing Court to consider the question without an evidentiary hearing, trial counsel would have neither an opportunity to be heard, nor the chance to defend himself against such charge of incompetency.
 
 Harris v. State,
 
 293 A.2d at 293.
 

 The defendant argues, however, that
 
 Strickland
 
 has rendered superfluous the requirement of an evidentiary hearing. We disagree.
 

 We turn to a close examination of
 
 Strickland v. Washington,
 
 — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674. In a Florida trial court, the defendant was convicted on three counts of murder and sentenced to death on each count. The Florida Supreme Court affirmed the convictions. Thereafter, the defendant sought collateral relief in state court, claiming ineffective assistance of counsel, among other grounds. The trial court did not hold an evidentiary hearing because it found “that the record evidence conclusively showed that the ineffectiveness claim was meritless.”
 
 Strickland,
 
 — U.S. at -, 104 S.Ct. at 2058. However, the trial court did make specific findings of fact outlining the reasons why it found such claim meritless. The Florida Supreme Court affirmed the denial of post-conviction relief.
 

 The defendant then filed a petition for a writ of habeas corpus in the United States District Court. The District Court conduct
 
 *1252
 
 ed an evidentiary hearing into trial counsel’s alleged incompetence. The District Court did not dispute the state court findings. The Court made new findings consistent with those previously noted by the state court and denied the defendant’s petition. On appeal, the United States Court of Appeals for the Fifth Circuit affirmed in part and remanded for a new fact-finding consistent with the new standards for evaluating ineffectiveness claims, which it set forth in its opinion. Officials of the State of Florida filed a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court granted such petition to address for the first time a claim of actual ineffective assistance of counsel.
 

 The Supreme Court set forth guidelines for evaluating such claims, but noted that in applying such standards a reviewing court must be highly deferential to counsel’s judgments, carefully considering the facts of each ease as they appeared at the time of trial.
 
 Strickland,
 
 — U.S. at -, 104 S.Ct. at 2066. The Court continued, that in evaluating counsel’s strategic choices:
 

 [t]he reasonableness of counsel’s actions may be determined or substantially influenced by the defendant’s own statements or actions. Counsel’s actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.... In short, inquiry into counsel’s conversations with the defendant may be critical to a proper assessment of counsel’s investigation decisions, just as it may be critical to a proper assessment of counsel’s other litigation decisions. [Citation omitted.]
 

 Id.
 
 at -, 104 S.Ct. at 2067.
 

 Unless the claim of ineffective assistance of counsel has been raised at trial, the record on direct appeal seldom contains the kind of information, outlined above, which a reviewing court must have before it in order to adequately and fairly consider such claims. Therefore, the only avenue by which a reviewing court may delve into counsel’s strategic choices is through an evidentiary hearing pursuant to a postcon-viction proceeding. Thus, the rationale of
 
 Strickland
 
 supports the well-established rule of
 
 Harris
 
 and its progeny.
 

 To the contrary, the defendant relies on certain language from
 
 Strickland
 
 to support his contention that his claim may be heard on direct appeal in the absence of an evidentiary hearing. In
 
 Strickland,
 
 on the facts before it, the Court assessed the adequacy of counsel’s performance and any prejudice resulting therefrom, and concluded:
 

 Moreover, the prejudice question is resolvable, and hence the ineffectiveness claim can be rejected, without regard to the evidence presented at the District Court hearing. The state courts properly concluded that the ineffectiveness claim was meritless without holding an evidentiary hearing.
 

 Id.
 
 at -, 104 S.Ct. at 2071.
 

 In light of the need for information about counsel’s strategic choices, as emphasized above, and the procedural posture of
 
 Strickland,
 
 the defendant’s wholesale reliance on this paragraph is misplaced. We note that the conclusion upon which the defendant relies has little application to the instant case which comes before us on direct appeal, not on appeal of the second in a series of collateral attacks, as was the case in
 
 Strickland.
 
 Moreover, in concluding that the evidence from the District Court evidentiary hearing added little to the findings of the Florida Supreme Court, the United States Supreme Court did have the benefit not only of the record from the evidentiary proceeding, but also of the state Supreme Court’s findings of fact. On direct appeal, we have nothing upon which to review a claim of ineffective assistance of counsel except the bare record from the trial proceedings. There is no evidentiary hearing record, and at the very least, no
 
 *1253
 
 findings from the trier of fact in such collateral proceeding.
 

 In the interest of fairness to both the defendant and his trial attorney, this Court cannot adequately consider a claim of ineffective assistance of counsel in the absence of a complete record concerning trial counsel’s investigation and preparation for trial. In our view, the only way that such information will be fairly presented is if the defendant raises such issue either at trial, in which case this Court would consider such claim on direct appeal, or in a collateral proceeding pursuant to Super.Ct. Crim.R. 35(a).
 
 [2]
 

 As we stated in
 
 Harris,
 
 our decision in no way impairs the defendant’s rights to have counsel’s meaningful assistance at trial, and a proper review of such claim by postconviction relief.
 
 See Harris v. State,
 
 293 A.2d at 293.
 

 In the alternative, the defendant argues that regardless of our well-established rule as stated in
 
 Harris,
 
 this Court should entertain his appeal claiming ineffective assistance of counsel under Supreme Court Rule 8.
 
 [3]
 
 As we have fully explained above, the interests of justice would not best be served by considering on direct appeal ineffective assistance of counsel claims which were not raised at trial. Therefore, we decline to consider the defendant’s appeal on this ground under Supreme Court Rule 8.
 

 As the defendant’s claim of ineffective assistance of counsel is not properly before us, we do not address the merits of his claim.
 

 III.
 

 As a further ground of appeal, the defendant argues that the Trial Court erred in admitting the testimony of the presentence officer, contending that such testimony amounted to inadmissible hearsay and violated the best evidence rule. We disagree.
 

 The State introduced the testimony of the presentence officer to establish that on the day of the sale the defendant’s brother, Larry Duross, was in prison. Such testimony clearly falls within a statutory exception to the rule against hearsay. D.R.E. 803(8).
 
 [4]
 
 The presentence report is precise
 
 *1254
 
 ly the kind of document to which D.R.E. 803(8) is addressed, and such report fulfills all of the Rule’s requirements.
 

 D.R.E. 803(8) requires that the statement of record from the public office set forth regularly conducted activities as to which there is a duty to report. The Presentence Office of the Superior Court is a public office which is responsible for preparing presentence reports and routinely prepares such reports at the sentencing court’s direction. 11
 
 DelC.
 
 § 4335(d); Super.Ct. Crim.R. 32(c).
 
 [5]
 
 Moreover, 11
 
 Del. C.
 
 § 4335 and Super.Ct.Crim.R. 32(e) impose on the presentence officer an affirmative duty to accurately set forth in the presentence report any amount of time which the offender has spent in prison so that the offender may be given credit for time already served.
 

 Nor, does the testimony of the presen-tence officer fall within any of the exclusions enumerated in D.R.E. 803(8). Presen-tence officers are not law enforcement officers; nor, are they arms of the prosecution. Presentence officers make their reports only at the court’s direction for the court’s confidential use. 11
 
 Del.C.
 
 § 4322(a);
 
 [6]
 
 11
 
 Del. C.
 
 § 4331; Super.Ct.Crim.R. 32(c);
 
 Oney v. State,
 
 Del.Supr., 446 A.2d 389, 395 (1982). Moreover, these officers do not conduct special investigations into a particular complaint, case or incident. Nor, do we find any reason in this case to doubt the trustworthiness of testimony concerning a report prepared pursuant to a statutory duty.
 

 As the testimony of the presentence officer fulfills the requirements of D.R.E. 803(8), and is not specifically excluded from the Rule’s application, we find that the Trial Court properly admitted such testimony concerning the period during which Larry Duross was incarcerated.
 

 The defendant contends that because the State failed to provide the prison records, as the Trial Court required, the presen-tence officer’s testimony is rendered inadmissible and his conviction must be set aside. There is no merit in this contention. The testimony of the presentence officer is admissible evidence of its own accord, even in the absence of the records from the Department of Corrections. D.R.E. 803(8) explicitly applies to “statements,” as well as to official records.
 

 The defendant also argues that by admitting the presentence officer’s testimony as to the content of the presentence report without the official prison records violates the best evidence rule. No such
 
 *1255
 
 violation occurred. Under D.R.E. 1005,
 
 [7]
 
 where an accurate copy of an official record is unavailable, then other evidence of the record’s contents may be admitted. In this case, the State had attempted to introduce into evidence certified copies of Larry Duross’ bail and commitment records. Due to a discrepancy in the dates shown for the preliminary hearing, the Trial Judge found that these records were inaccurate, hence, inadmissible. Therefore, the State was entitled to produce other competent evidence as to the dates of Larry Duross’ imprisonment.
 

 Affirmed.
 

 [1]
 

 . 16
 
 Del.C.
 
 § 4752 provides:
 

 Except as authorized by this chapter, any person who manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance or a counterfeit controlled substance classified in Schedule I, II, III, IV or V which is not a narcotic drug is guilty of a felony and upon conviction shall be fined not less than $1,000 nor more than $10,000 and imprisoned not more than 10 years.
 

 [2]
 

 .Super.Ct.Crim.R. 35(a) provides in pertinent part:
 

 (a) Postconviction Remedy. Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law.... Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. ...
 

 [3]
 

 . Supr.Ct.R. 8 provides:
 

 Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.
 

 [4]
 

 . D.R.E. 803(8) provides:
 

 (8) Public Records and Reports. To the extent not otherwise provided in this paragraph, records, reports, statements or data compilations, in any form, of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (A) Investigative reports by police and other law-enforcement personnel; (B) investigative reports prepared by or for a government, a public office or an
 
 *1254
 
 agency when offered by it in a case in which it is a party; (C) factual findings offered by the government in criminal cases; (D) factual findings resulting from special investigation of a particular complaint, case or incident; (E) any matter as to which the courses of information or other circumstances indicate lack of trustworthiness.
 

 [5]
 

 . 11
 
 DelC.
 
 § 4335(d) provides;
 

 (d) Investigations for the Superior Court.— Each presentence officer and each assistant presentence officer shall make such presen-tence investigation for the Superior Court as it shall direct, including an inquiry into such things as the circumstance of the offense, the motivation of the offender, the criminal record, social history, behavior pattern and present condition of the offender. The report thereof shall be in such form and cover such subjects as the Superior Court shall direct. Super.Ct.Crim.R. 32(c) provides:
 

 (c) Presentence Investigation.
 

 (1) When Made. The probation officer of the Court shall make a presentence investigation and report to the Court before the imposition of sentence or the granting of probation if the Court so directs. The report shall not be submitted to the Court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.
 

 (2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the Court.
 

 [6]
 

 . 11
 
 DelC.
 
 § 4322(a) provides, in pertinent part:
 

 (a) ... The presentence reports prepared for the Superior Court and the Court of Common Pleas shall be under the control of those Courts respectively.
 

 [7]
 

 . D.R.E. 1005 provides:
 

 The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.