**Joni L. JOHNSON, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 319, 2007.

Supreme Court of Delaware.

Submitted: Sept. 5, 2008.

Decided: Nov. 5, 2008.

Edward C. Gill, Esquire, Georgetown, Delaware for appellant.

John Williams, Esquire, Dover, Delaware for appellee.

Before BERGER, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice.

Defendant–Appellant Joni L. Johnson directly appeals from the Superior Court's acceptance of her guilty plea and immediate sentencing on charges of forgery second degree and theft misdemeanor.[1] Johnson contends that the Superior Court's acceptance of her guilty plea violated Superior Court Criminal Rule 11(c)(1).[2]

---

1. On the felony charges, Johnson was sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214(a).

2. Delaware Superior Court Criminal Rule 11(c)(1) provides: "the court must address

the defendant personally in open court ... and determine that the defendant understands ... [t]he nature of the charge to which the plea is offered, the mandatory minimum pen-

Johnson raises three arguments on appeal. First, she contends that she did not understand the maximum sentence which could be imposed. Next, she argues that she "did not know the mandatory nature of the felony sentences which [she] was subjected to under the habitual offender statute." Finally, she contends that she mistakenly believed "she was subject to a two and one-half year minimum mandatory sentence." Johnson made no application to the Superior Court for relief based upon her alleged lack of understanding. Because the issues raised by Johnson after her guilty pleas have not been addressed by the Superior Court in the first instance, we dismiss this appeal without prejudice to an application by Johnson for post-conviction relief pursuant to Superior Court Criminal Rule 61.

Johnson's claims relate not only to her own understanding of the consequences of her guilty pleas but also to the effectiveness of her counsel in advising her. This Court has consistently held that it will not consider a claim of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the trial court.[3] The rationale for this rule arises from the reviewing Court's need to have before it a complete record on the question of counsel's alleged incompetency. Moreover, were a reviewing Court to consider the question without a hearing, trial counsel would have neither an opportunity to be heard, nor the chance to defend himself.[4]

The same reasons that inform our refusal to consider cases alleging ineffective assistance of counsel on direct appeal apply with equal force to cases involving the withdrawal of a guilty plea based upon allegations that the defendant did not understand the consequences of pleading guilty. Accordingly, we conclude that if the claim challenging the trial court's acceptance of a guilty plea has not been addressed on the merits by the trial court, we will not consider it on direct appeal.

Superior Court Criminal Rule 32(d) provides:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judge of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. *At any later time, a plea may be set aside only by Motion under Rule 61.* (emphasis added)

Johnson may still pursue her claims in the Superior Court with a motion for postconviction relief under Superior Court Criminal Rule 61 subject to appellate review by this Court of any denial of postconviction relief.

This appeal is dismissed without prejudice.

---

alty provided by law, if any, and the maximum possible penalty provided by law. . . ."

**3.** *See Desmond v. State,* 654 A.2d 821, 829 (Del.1994); *Wright v. State,* 513 A.2d 1310, 1315 (Del.1986); *Duross v. State,* 494 A.2d 1265, 1269 (Del.1985); *Collins v. State,* 420 A.2d 170, 177 (Del.1980); *Harris v. State,* 293 A.2d 291, 293 (Del.1972).

**4.** *Duross,* 494 A.2d at 1267; *Harris,* 293 A.2d at 293.