JAMES A. BROADNAX, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 368, 2009.
Supreme Court of Delaware.
Submitted: December 1, 2009.[1]
Decided: February 23, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 23rd day of February 2010, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On April 28, 2009, the appellant, James A. Broadnax, pled guilty in the Superior Court to charges of Assault in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony. On May 27, 2009, Broadnax was declared a habitual offender pursuant to title 11, section 4214(a) of the Delaware Code, and was sentenced, in accordance with the plea agreement, to eight years at Level V for Assault in the Second Degree and to two years at Level V followed by six months of probation for Possession of a Deadly Weapon During the Commission of a Felony. This is Broadnax's direct appeal.
(2) On appeal, Broadnax's defense counsel has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]
(3) Broadnax's defense counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Defense counsel states that he provided Broadnax with a copy of the motion to withdraw and the accompanying brief and appendix. Defense counsel also advised Broadnax that he had a right to supplement the brief and to file a response to the motion to withdraw. Broadnax responded with a written submission that raises several issues for this Court's consideration. The State has responded to the brief and appendix, including Broadnax's submission, and has moved to affirm the judgment of the Superior Court.
(4) In his first issue on appeal, Broadnax alleges that his defense counsel "was more or less working for the prosecution." Generally, this Court will not consider allegations of ineffective assistance of counsel that are raised for the first time on direct appeal.[4] Accordingly, we decline to review Broadnax's claim of ineffective assistance of counsel.
(5) Next, Broadnax claims that his guilty plea was involuntary due to "coercion" and because he was "under medication for psychiatric care" at the time he entered the plea. The record reflects that Broadnax did not move to withdraw his guilty plea or otherwise raise his claim of involuntary guilty plea in the Superior Court. As a result, we review the claim now only for plain error.[5] Having reviewed the Superior Court record, including the Truth-in-Sentencing Guilty Plea Form signed by Broadnax and the transcript of the guilty plea colloquy, we can discern no basis upon which to suggest that Broadnax's guilty plea was involuntary through coercion, because of impaired judgment as a result of medication, or for any other reason.[6]
(6) Finally, Broadnax claims that there were procedural defects in his sentencing as a habitual offender because the Superior Court did not hold a separate hearing on the habitual offender motion, and because the Superior Court reviewed the motion for the first time at sentencing. Broadnax's claims are not supported by the record and are otherwise without merit.
(7) It appears from the record that the State filed the habitual offender motion on May 11, 2009. It further appears that the Superior Court addressed the motion prior to Broadnax's May 27, 2009 sentencing, without objection, and that defense counsel at that time stipulated to Broadnax's prior requisite convictions and eligibility for sentencing as a habitual offender. Under these circumstances, a separate hearing on Broadnax's habitual offender status was not required.[7]
(8) The Court has reviewed the record carefully and has concluded that Broadnax's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that defense counsel made a conscientious effort to examine the record and the law and properly determined that Broadnax could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] On December 1, 2009, substitute counsel entered an appearance on behalf of the appellant and thereby replaced the appellant's defense counsel whose contract with the Superior Court Criminal Conflicts Program was terminated effective November 30, 2009.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Id.
[4] Duross v. State, 494 A.2d 1265, 1269 (Del. 1985).
[5] Del. Supr. Ct. R. 8.
[6] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).
[7] Johnson v. State, 2001 WL 379454 (Del. Supr.).