IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAHEEM HARRIS, | § | |
| | § | |
| Defendant Below- | § | No. 693, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1405005615 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 18, 2015
Decided: July 8, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 8th day of July 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) A Superior Court jury convicted the defendant-appellant, Raheem Harris, of Possession of a Firearm by a Person Prohibited. The Superior Court sentenced Harris to a total period of ten years at Level V incarceration, to be suspended after serving five years in prison for decreasing levels of supervision. This is Harris' direct appeal.

(2) Harris' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Harris' counsel asserts that, based upon a

1

complete and careful examination of the record, there are no arguably appealable issues. By letter, Harris' attorney informed him of the provisions of Rule 26(c) and provided Harris with a copy of the motion to withdraw and the accompanying brief. Harris also was informed of his right to supplement his attorney's presentation. Harris has raised several issues for this Court's consideration. The State has responded to Harris' points, as well as to the position taken by Harris' counsel, and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4) The testimony at trial established that, around 6:00 a.m. on May 8, 2014, the Wilmington Police Department executed a search warrant for an apartment in the City of Wilmington. The apartment was leased by Harris' girlfriend, who lived there with her young son. Harris did not live in the

---

[1] *See Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

apartment. He lived in an apartment across the hall with his mother. The target of the officers' search warrant was Harris' cousin, Jamir. When the officers executed the warrant, the only occupants of the apartment were Harris, his girlfriend, and her son.

(5) After the officers entered the apartment, Harris and his girlfriend were placed in custody and seated in the living room while the officers conducted the search. During the search, the officers found a loaded 9 mm firearm under the mattress where the two had been sleeping. An officer read Harris his *Miranda* rights. Harris told the officer that the gun was his, but then invoked his right to remain silent and did not answer any other questions. The gun was processed, but no fingerprints or DNA was recovered. Harris was charged with one count of Possession of a Firearm by a Person Prohibited. The parties stipulated that he was a person prohibited from possessing a firearm. Harris did not testify at trial. The jury found him guilty.

(6) Harris has raised four distinct issues in response to his counsel's motion to withdraw. First, he contends that his Fourth Amendment rights were violated. Second, he contends that he was denied his right to a bench trial. Third, Harris suggests that his statement to the police officer who read him his *Miranda* rights was inadmissible because it

3

was not recorded. Finally, he contends that his trial counsel was ineffective for various reasons. None of these issues were raised to the Superior Court in the first instance.[2] As to his last claim, this Court will not consider ineffective assistance of counsel claims for the first time on direct appeal.[3] Accordingly, we do address this claim but will review Harris' remaining claims, applying the plain error standard of review.[4]

(6) Harris first contends that his Fourth Amendment rights were violated because the police officers lacked probable cause or reasonable suspicion to detain him because he was not the subject of the search warrant.[5] Harris is incorrect. A search warrant implicitly carries with it the right to detain the occupants of the premises that are being searched while the search is conducted.[6] His detention, therefore, was not improper. Once the officers found a loaded gun under the mattress where Harris and his

---

[2] *See* Del. Supr. Ct. R. 8 (2015) (providing that only questions fairly presented to the trial court will be reviewed on appeal unless the interests of justice so require).

[3] *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985).

[4] *Roy v. State*, 62 A.3d 1183, 1191 (Del. 2012) (holding that issues raised for the first time on appeal are reviewed only for plain error, and plain error "generally [means] that it must have affected the outcome of [the] trial").

[5] To the extent Harris' argument could be read to challenge the validity of the search warrant, he does not argue that the search warrant was deficient in any specific way. Thus, any arguable claim as to the validity of the warrant is too vague for the Court to review. Moreover, because Harris did not claim a possessory or proprietary interest in the apartment being searched, he cannot establish that he has standing to challenge the validity of the search warrant. *Thomas v. State*, 467 A.2d 954, 957-58 (Del. 1983).

[6] *Michigan v. Summers*, 452 U.S. 692, 701-04 (1981).

4

girlfriend had been sleeping moments before, and Harris admitted that the weapon was his, the police officers had more than enough evidence to detain him. Accordingly, we find no merit to Harris' first argument on appeal.

(7) Harris next contends that he was denied his right to a bench trial. Under Superior Court Criminal Rule 23(a) and this Court's precedent, a defendant does not have a right to a bench trial because the State, like the defendant, has a "right to insist on a jury trial."[7] Thus, there is no merit to this claim.

(8) Finally, Harris contends that his post-*Miranda* statement to the police officer should have been suppressed because it was not recorded. We find no plain error in the Superior Court's admission of Harris' statement because there is no requirement that a police officer must record a defendant's post-*Miranda* statements.[8]

(9) The Court has reviewed the record carefully and has concluded that Harris' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Harris' counsel has made a conscientious effort to examine the record and the law and has properly determined that Harris could not raise a meritorious claim in this appeal.

---

[7] *Fetters v. State*, 436 A.2d 796, 798 (Del. 1981).

[8] *Brown v. State*, 1998 WL 666720 (Del. July 24, 1998); *United States v. Valdez*, 880 F.2d 1230, 1233 (11th Cir. 1989).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice