IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER HERRING, §
§ No. 159, 2015
Defendant-Below, §
Appellant, § Court Below – Superior Court
§ of the State of Delaware in
v. § and for New Castle County
§
STATE OF DELAWARE, § Cr. ID No. 1406013201
§
Plaintiff-Below, §
Appellee. §

Submitted: September 2, 2015
Decided: November 18, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

**O R D E R**

This 18th day of November 2015, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)     In May 2005, the appellant, Christopher Herring, was convicted of Robbery in the First Degree and other offenses.[1]  On February 10, 2006, the Superior Court granted the State's motion to declare Herring a habitual offender under 11 *Del. C.* § 4214(a) and sentenced Herring to a total of fifty years at Level V followed by probation.  The Court notes that Herring did

---

[1] The Court has taken judicial notice of the proceedings in *State v. Herring*, Del. Super., Cr. ID No. 0405021313.

not challenge the sentence on direct appeal.[2]  In 2008, the Superior Court denied Herring's claim that the State had provided insufficient evidence to have him declared a habitual offender.[3]

(2)    In August 2014, Herring was indicted on two counts of Promoting Prison Contraband.  On November 24, 2014, Herring pled guilty to one count and the State agreed to enter a *nolle prosequi* on the other count and to recommend no more than eighteen months of incarceration at sentencing.[4]  The prosecutor also made it clear that that the State intended to seek habitual offender status at sentencing.[5]  During the plea colloquy, both Herring and his trial counsel ("Trial Counsel") acknowledged that Herring was aware that he faced up to a life sentence if the State again established that he was eligible for sentencing as a habitual offender.[6]  After accepting the guilty plea, the Superior Court referred the matter for a presentence investigation, as requested by the parties, and scheduled sentencing for March 2015.

---

[2] *Herring v. State*, 2007 WL 1295823, at *1 (Del. Oct. 30, 2006) ("Herring claims [only] that the Superior Court judge abused her discretion when she denied his motion to suppress evidence seized when police executed an allegedly deficient search warrant.").

[3] *State v. Herring*, 2008 WL 2083127, at * 2 (Del. Super. May 12, 2008) ("The State presented 'unambiguous documentary evidence' of Defendant's prior convictions, in satisfaction of the statute . . . .").

[4] App. to Non-Merit Br. at 9 (Plea Hearing Tr. at 2-3, Nov. 24, 2014).

[5] *Id.*

[6] *Id.* at 3, 5.

(3)     On February 19, 2015, the State filed its motion to re-declare Herring a habitual offender under 11 *Del. C.* § 4214(a).  Trial Counsel did not file a response to the motion, and at Herring's sentencing on March 11, 2015, Trial Counsel stated that he had found no legal reason to dispute the motion.[7]

(4)     Before sentencing, Herring filed several letters and motions disputing his eligibility for sentencing as a habitual offender and the accuracy of the State's habitual offender motion.  Herring disputed the motion again when given the opportunity to address the Superior Court at sentencing.  After listening to Herring's claims, the Superior Court found "that the motion in fact states the necessary requisite to have the defendant declared an habitual offender."[8]  The court then declared Herring a habitual offender under § 4214(a) and sentenced him to eighteen months at Level V. This is Herring's direct appeal.

(5)     On appeal, Herring's appellate counsel ("Appellate Counsel")[9] has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).[10]  Appellate Counsel asserts that, based upon a complete and careful

---

[7] App. to Non-Merit Br. at 72 (Sentencing Tr. at 4, Mar. 11, 2015).

[8] *Id.* at 7.

[9] Herring was represented by different counsel in the Superior Court.

[10] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

examination of the record, there are no arguably appealable issues. Herring has submitted several claims for the Court's consideration. The State has responded to Herring's claims and has moved to affirm the Superior Court's judgment.

(6)  When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[11] Moreover, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[12]

(7)  On appeal, Herring raises a claim of ineffective assistance of counsel on the basis that his Trial Counsel did not let him review the presentence report, did not request a separate hearing on the habitual offender motion as Herring had requested, and did not look into Herring's claims that he did not have the required number of convictions to qualify for sentencing as a habitual offender. This Court will not consider a claim of

---

[11] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[12] *Penson*, 488 U.S. at 82.

ineffective assistance of counsel that is raised for the first time on direct appeal.[13]

(8) In this case, the record reflects that Herring questioned the effectiveness of his Trial Counsel in his letters and motions filed in the Superior Court before sentencing. There is no indication, however, that the Superior Court considered and adjudicated any complaints of ineffective assistance of counsel. In the absence of a fully-developed record, we decline to consider Herring's ineffective assistance of counsel claim for the first time in his direct appeal.[14]

(9) Next, Herring claims, as he did in the Superior Court, that the State erred when seeking habitual offender sentencing based, in part, on a prior felony conviction for Receiving Stolen Property ("RSP") in 1996. Herring contends that he was convicted of RSP in 1995, and he insists that any court records reflecting a 1996 conviction are incorrect.

(10) The Superior Court's determination that a defendant is a habitual offender must be supported by substantial evidence and be free from legal error and abuse of discretion.[15] In this case, the State's motion to

---

[13] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[14] *Hicks v. State*, 2011 WL 2937393, at *2 (Del. July 21, 2011) (citing *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985)).

[15] *Hall v. State*, 788 A.2d 118, 129 (Del. 2001).

re-declare Herring a habitual offender provided a certified docket sheet of Herring's March 13, 1996 conviction for felony RSP in Cr. ID No. 9406010260. Herring has provided nothing that shows a different date. Under these circumstances, there was substantial evidence to support the Superior Court's conclusion that the State had met its burden of proof in establishing the 1996 felony RSP conviction as one of the three prior convictions required to declare Herring a habitual offender.[16] Herring's claim to the contrary is without merit.

(11) Herring raises several claims on appeal that were not raised in the Superior Court. We have reviewed the claims for plain error.[17] In the first of those claims, Herring contends that the 1996 RSP conviction was too remote in time to qualify as a prior conviction for the purpose of declaring Herring a habitual offender in 2015. In support of his claim, Herring cites to the Delaware Sentence Accountability Commission Benchbook, SENTAC Policy 4, which provides:

> For the purposes of sentencing, a conviction-free period of ten (10) years after final release from incarceration, or from date of sentence if only probation at levels I thru IV was ordered, shall be

---

[16] *Id.* at 128.

[17] Del. Supr. Ct. R. 8. "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

> sufficient to "wash" the criminal history prior to that date. Felony A and Felony B crimes are excluded from this policy and should always be considered at time of sentencing.[18]

Herring's claim is without merit. There is no prohibition against the State supporting a habitual offender motion with convictions that are more than ten years old, and there was no error in seeking Herring's sentencing as a habitual offender based, in part, on his 1996 RSP conviction.[19] Herring has not demonstrated that SENTAC Policy 4 has any relevance in his case.

(12) Next, Herring complains that he was never interviewed by a presentence investigator. Also, Herring contends that the trial prosecutor "read a false presentence investigation report" before sentencing. Herring has not demonstrated that he was prejudiced because he was not interviewed by a presentence investigator, and there is nothing in the record suggesting that the prosecutor "read a false presentence investigation report" before sentencing.[20]

---

[18] *See* Delaware Sentencing Accountability Commission Benchbook 27 (2015)

[19] 11 *Del. C.* § 4214. *Walker v. State*, 2011 WL 3904991, at *2 (Del. Sept. 6, 2011) ("[T]he General Assembly adopted no statute of limitations on the prior felony convictions that may establish a defendant's status as a habitual offender."); *Winn v. State*, 2011 WL 556439, at *1 (Del. Feb. 16, 2011).

[20] In fact, the record suggests that the Superior Court withdrew the referral for a presentence report after concluding that the report was unnecessary. *See* App. to Non-Merit Br. (docket at 15, *State v. Herring*, Del. Super., Cr. ID No. 1406013201 (Feb. 23, 2015)) (regarding presentence investigation).

7

(13) Finally, Herring appears to claim that the prosecutor stated in error at sentencing that Herring had five prior convictions for felony RSP.[21] Herring contends that he has only three such convictions. Assuming that the State misstated the correct number of prior felony RSP convictions at Herring's sentencing,[22] Herring has not demonstrated that he suffered any prejudice as a result. The record reflects that the State's motion to re-declare Herring a habitual offender presented unambiguous documentary evidence of three prior felony convictions.[23] The Court can discern no error of law or abuse of discretion on the part of the Superior Court when re-declaring Herring a habitual offender.[24]

(14) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[25] the Court concludes that this

---

[21] At sentencing the prosecutor stated:

> [Herring] has a long and violent history. He has a robbery 1st, a possession of a firearm during the commission of a felony, and possession of a destructive weapon in 2006. He has a robbery and a burglary form New Jersey in 1985. He has escape after conviction in 1998. *He has five prior receiving stolen property which were all felonies.*

App. to Non-Merit Br. at 73 (Sentencing Tr. at 7, Mar. 11, 2015)) (emphasis added).

[22] The Court reviewed the docket sheets in Herring's Superior Court criminal cases and counted four prior convictions of felony RSP.

[23] *Colon v. State*, 2006 WL 2714454, at *3 (Del. Sept. 22, 2006) (citing *Hall v. State*, 788 A.2d 118, 128 (Del. 2001)).

[24] *Id.* at *3 (citing *Walker v. State*, 790 A.2d 1214, 1221 (Del. 2002)).

[25] *Penson*, 488 U.S. at 80.

8

appeal is "wholly without merit."[26]  The Court is satisfied that Appellate Counsel made a conscientious effort to examine the record and the law and properly determined that Herring could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[26] Del. Supr. Ct. R. 26(c).