IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MIKEAL J. STONE, | § | |
| | § | No. 588, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1602010302 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 5, 2017
Decided: December 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

This 18th day of December 2017, upon consideration of the no-merit brief under Supreme Court Rule 26(c), appellate counsel's motion to withdraw, and the State's response, it appears to the Court that:

(1)    The appellant, Mikeal Stone, was arrested on February 16, 2016, after he was identified as the suspect who, ten days earlier, led the Delaware State Police on a high speed chase in New Castle County and then abandoned his vehicle and discarded a shotgun and ammunition in the parking lot and wooded area behind an 84 Lumber store on Ogletown Road.  Following his indictment, Stone was tried before a Superior Court jury on charges of Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, Disregarding a Police Signal, and Reckless

Driving, and was convicted on all counts. After a presentence investigation, the Superior Court sentenced Stone to a total of twenty-five years and ten days of Level V incarceration, suspended after five years for decreasing levels of supervision. This is Stone's direct appeal.

(2) The State's witnesses at trial included Corporal Christopher Jewell of the Delaware State Police. Corporal Jewell was driving on I-95 southbound the morning of February 6, 2016, when he was passed by a light blue Ford Taurus traveling at a high rate of speed. Corporal Jewell pursued the speeding vehicle for several miles and then stopped the pursuit due to safety concerns. At trial, Corporal Jewell testified about the high speed chase on February 6, the investigation that led to Stone's arrest on February 16, and his post-*Miranda* interview of Stone on February 23, 2016.

(3) As part of the State's case-in-chief, the jury viewed the dash-cam video from Corporal Jewell's police car and a surveillance video from a Wawa store across the street from the 84 Lumber store where Stone allegedly abandoned his car and discarded the gun and ammunition. The surveillance video showed Stone, on February 6, 2016, crossing the street from 84 Lumber to Wawa at about the same time as the Delaware State Police were alerting the other police agencies in the area to be on the lookout for the light blue Ford Taurus. The jury also viewed Corporal Jewell's interview of Stone on February 16, 2016, and listened to a recording of a telephone call made by Stone on February 23, 2016.

2

(4)     Stone was charged with the two weapon offenses—Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited—because he had a prior felony conviction.  At trial, Stone made a tactical decision to stipulate to his status as a person prohibited to avoid having the jury learn about his conviction.  Also, to avoid having the jury learn that he made the February 23 telephone call while he was incarcerated, Stone stipulated that, when making the call, he was aware that the call was being recorded and was subject to being monitored by law enforcement.

(5)     On appeal, Stone's appellate counsel has filed a no-merit brief under Rule 26(c) and a corresponding motion to withdraw.[1]  Appellate counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Appellate counsel provided Stone with a copy of the brief and appendix in draft form, the motion to withdraw, and a letter explaining that Stone had a right to supplement the brief before it was filed with the Court.  Stone has supplemented the brief with written points for the Court's consideration. The State has responded to the position taken by appellate counsel, the points raised by Stone, and has moved to affirm the Superior Court's judgment.

---

[1] Stone was represented by a different attorney at trial.

(6)     When considering a Rule 26(c) brief and an accompanying motion to withdraw, our standard and scope of review is twofold.  The Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[2]  Also, the Court must conduct its own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(7)     The entirety of Stone's written submission attacks the performance of his trial counsel.  Stone alleges that his trial counsel failed to cross-examine the State's witnesses effectively and failed to highlight deficiencies in the non-testimonial evidence.  Also, Stone observes that, twice, when addressing the jury, his trial counsel disregarded the stipulation and referred to Stone's February 23 telephone call as a "prison call[]."[4]  Stone contends that his counsel's improper identification of the telephone call as a "prison call" undermined the effectiveness of the stipulation and prejudiced his defense.

(8)     As a general rule, this Court will not consider a claim of ineffective assistance of counsel on direct appeal if the claim was not raised to the Superior Court

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 82.
[4] Trial Tr. at 25 (July 21, 2016).

in the first instance.[5]  Typically, an ineffective counsel claim is pursued through a motion for postconviction relief under Superior Court Criminal Rule 61 and is adjudicated on the basis of the record developed during the postconviction proceeding.[6] In this case, because Stone did not raise an ineffective counsel claim in the Superior Court, we will not consider the claim on direct appeal.

(9)    Having conducted a full examination of the proceedings at trial, however, we are satisfied that Stone's appellate counsel made a conscientious effort to examine the record and agree that Stone cannot raise a meritorious claim on direct appeal.  We will affirm the Superior Court's judgment on direct appeal, without prejudice to Stone raising ineffective assistance of counsel in a timely-filed motion for postconviction relief under Superior Court Criminal Rule 61.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of convictions is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *Duross v. State*, 494 A.2d 1265, 1267 (Del. 1985).
[6] *Id.  See* Del. Super. Ct. Crim. R. 61 (governing postconviction remedy).