IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JARED RYAN, | § | |
| | § | No. 235, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2106009261, |
| STATE OF DELAWARE, | § | 2106009228 (N) |
| | § | |
| Appellee. | § | |

Submitted:  March 19, 2024
Decided:    April 18, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

On this [*] day of April 2024, after consideration of the briefs and the record below, the Court finds as follows:

(1)     In June 2023, the Superior Court sentenced appellant Jared Ryan to thirty years of imprisonment, suspended after four years after pleading guilty to two counts of fourth-degree rape.  "[M]inutes before" his sentencing hearing started, the prosecution provided the court and defense counsel with three victim impact statements for presentation during the hearing.[1]  His counsel did not move to continue the sentencing hearing.  Ryan argues that Superior Court should have *sua sponte* continued the hearing to ensure defense counsel would be able to adequately

---

[1] Opening Br. at 3.

evaluate the statements and advise Ryan accordingly. The Superior Court's failure to do so, Ryan claims, violated his Sixth Amendment right to effective assistance of counsel. He did not raise an ineffective assistance of counsel claim with the trial court. For the reasons detailed below, we find that Ryan's ineffective assistance claim cannot be considered on direct appeal, and we therefore affirm Ryan's sentence.

(2) In 2021, Ryan was accused of raping two minors—M.S. and M.D. The police arrested Ryan and charged him with five counts of fourth-degree rape stemming from the incidents. Following his indictment, Ryan entered into a plea agreement resolving the charges. On July 11, 2022, in accordance with the agreement, Ryan pleaded guilty to two counts of fourth-degree rape.

(3) The Superior Court held Ryan's sentencing hearing on June 9, 2023. Just before the hearing started, the State presented the court and Ryan's counsel with three victim impact statements written by M.D., M.D.'s mother, and M.S.'s mother. At a sidebar conference, Ryan's counsel requested that the Court disregard "the untrue portions of the victim impact statements[,]" and argued that they contained "new" and "unproven" allegations.[2] Counsel did not ask for a continuance to review the victim impact statements. The Superior Court told counsel that it would

---

[2] App. to Opening Br. at A106.

disregard anything "that [wa]s not supported by evidence[]" and proceeded with the sentencing hearing.[3]

(4)    The prosecution then presented the victim impact statements. The prosecutor read M.D.'s statement and M.S.'s mother's statement to the court, while M.D.'s mother read her own statement. During her reading, M.D.'s mother asked the Superior Court not to "show leniency toward . . . Ryan" because he was a "predator" who had "basically kidnapped" her daughter "while lying multiple times about her [daughter's] whereabouts and manipulating [her] family, the police, and [her] about his involvement with her daughter."[4] She also claimed in her statement that Ryan had groomed M.D. as well as "many other underaged victims[,]" and expressed her belief that if given the chance, he "would do it all over again[.]"[5]

(5)    In M.D.'s victim impact statement, she referred to Ryan as a "pedophile who manipulates and destroys little girls' lives" and asked the court to not "let this happen to another girl."[6] She stated that "[t]here's a story that [she] hear[d] from other females about how [Ryan] would go to part[ies][,] pick up young girls, let them drive his car, then get oral sex[.]"[7] She also detailed how Ryan had "broke[n] two

---

[3] *Id.* at A106.
[4] *Id.* at A125.
[5] *Id.*
[6] *Id.* at A126.
[7] *Id.*

3

of [her] old phones and put his hands on [her] physically[,] from punching [her] to pushing [her] into walls."[8]

(6) Through her victim impact statement, M.S.'s mother asked the court to impose the "maximum sentence" because Ryan "had chosen to be on the wrong side of the law for many years and clearly has no desire to rehabilitate."[9]  She wrote that "it was [her] understanding that [Ryan] was on probation when he abused [her] daughter" and that "even after he was arrested and charged again he has since committed rape on a young girl . . . while out on bail."[10]

(7) During the defense's presentation, Ryan's counsel summarized a lengthy sentencing memorandum that he submitted to the Superior Court.  Counsel rebutted some of the factual allegations made in the newly introduced victim impact letters—including the allegations that Ryan was "on the wrong side of the law for many years" and that there "were many underage victims"—while noting that she did not intend to "undercut or undermine what the victims went through."[11]  Ryan then spoke to the court.  During his allocution, Ryan expressed remorse for his actions and regret for the effects his actions had on M.D. and M.S.  He also told the court that he would "do whatever it takes to make sure this behavior does not repeat

---

[8] *Id.*
[9] *Id.* at A127.
[10] *Id.*
[11] *Id.* at A117, A125, A127.

4

in the future."[12]  He did not expressly address all of the accounts and allegations in the victim impact statements.

(8)    After both parties' presentations were complete, the court sentenced Ryan to thirty years of Level V supervision, suspended after four years for decreasing levels of supervision.  Following sentencing, Ryan, still represented by sentencing counsel, timely appealed to this Court.[13]

(9)    Ryan argues that the Superior Court itself violated his right to effective assistance of counsel when it did not *sua sponte* continue his sentencing hearing to "allow defense counsel the opportunity to evaluate three belatedly provided victim impact statements" after his counsel failed to seek a continuance.[14]  He argues that, if the trial court had done so, he would have received a different sentence because he could have modified his allocution to better respond to the victims' statements.

(9)    We review ineffective assistance of counsel claims *de novo*.[15]  When an issue is not raised below, like here, we review for plain error only.[16]  Under plain

---

[12] *Id.* at A120–21.

[13] *Id.* at A10.  We note that generally, "[a] criminal defense lawyer should not argue his or own ineffectiveness as a ground for reversal of a conviction except where it is caused by some outside influence, such as government misconduct[.]"  John Wesley Hall, Jr., *Professional Responsibility in Criminal Defense Practice* § 10:6 (4th ed. 2024) (collecting sources); *see also* Wayne R. LaFave et al., 3 *Criminal Procedure* § 11.7(e) (4th ed. 2023) (collecting sources).  Counsel's recognition of this ethical issue may account for the roundabout presentation of Ryan's ineffectiveness claim as an error by the sentencing court, rather than counsel's error in the first instance.

[14] Opening Br. at 13.

[15] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009).

[16] *Williams v. State*, 796 A.2d 1281, 1284 (Del. 2002) (citing Supr. Ct. R. 8).

error review, a defendant must show a material error on the face of the record that is basic, serious, fundamental in character, and so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[17]

(10)   This Court generally will not consider a claim of ineffective assistance of counsel if it was not first decided on the merits below.[18]   Instead, we require parties to bring these claims by post-conviction motion.[19]   The rationale for this rule is driven by our need to have a complete record "on the question of counsel's alleged incompetency" and by the desire to give counsel "an opportunity to be heard [and] the chance to defend [themselves]."[20]   Furthermore, even where the record is sufficient, a collateral proceeding is preferable to plain error review because "[a]n opinion by the [sentencing court] is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the [sentencing court] is familiar with the proceedings and has observed counsel's performance in context, firsthand."[21]   This does not mean, however, that ineffective assistance of counsel claims are completely prohibited on direct appeal.  In the unusual case, where "the

---

[17] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (citing *Dutton v. State*, 452 A.2d 127, 146 (Del. 1982); *Bromwell v. State*, 427 A.2d 884, 893 n.12 (Del. 1981)).

[18] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008) (citing *Desmond v. State*, 652 A.2d 821, 829 (Del. 1994); *Wright v. State*, 531 A.2d 1310, 1315 (Del. 1986); *Duross v. State*, 494 A.2d 1265, 1269 (Del. 1985); *Collins v. State*, 420 A.2d 170, 177 (Del. 1980); *Harris v. State*, 293 A.2d 291, 293 (Del. 1972)).

[19] *Duross*, 494 A.2d at 1268.

[20] *Johnson*, 962 A.2d at 234 (citing *Duross*, 494 A.2d at 1267; *Harris*, 293 A.2d at 293).

[21] *United States v. Requejo*, 364 Fed. Appx. 517, 527 (10th Cir. 2010) (quoting *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006)).

ineffectiveness is so apparent from the record that this Court can fully consider obvious deficiencies in representation," we may, in the interests of justice, reach the merits.[22]

(11) There are no such obvious deficiencies here. To prevail on an ineffective assistance of counsel claim, the defendant "must show both deficient performance by counsel and prejudice."[23] The "bare record from the [sentencing] proceedings" before us, however, does not provide a basis for us to conclude that requesting a continuance was required and therefore constitutionally deficient, and that Ryan suffered prejudice from the lack of a continuance.[24] Accordingly, Ryan's appeal is not ripe for review. He may, of course, still seek proper review of his claim by postconviction relief.[25]

NOW, THEREFORE, IT IS ORDERED that the sentence imposed by the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*

Justice

---

[22] *Dobson v. State*, 80 A.3d 959, 2013 WL 5918409, at *2 (Del. Oct. 31, 2013) (ORDER) (citing *Lewis v. State*, 757 A.2d 709, 717 (Del. 2000)); *see also Cooke*, 977 A.2d at 848; Supr. Ct. R. 8.
[23] *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).
[24] *Duross*, 494 A.2d at 1268.
[25] *Id.* at 1269.