IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYLER L. WILSON, | § | |
| | § | No. 387, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2208005137 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 24, 2024[1]
Decided: June 4, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the appellant's brief filed under Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)     In November 2022, a grand jury charged the appellant, Tyler L. Wilson, with first-degree robbery, possession of a firearm during the commission of a felony, second-degree conspiracy, stalking, and non-compliance with bond conditions.  On April 26, 2023, Wilson pleaded guilty to second-degree robbery as a lesser included offense of first-degree robbery, second-degree conspiracy, and non-compliance with bond conditions.  Under the plea agreement, the State agreed to enter a *nolle*

---

[1] The State filed its response to the appellant's Supreme Court Rule 26(c) brief on April 15, 2024, but the transcript of the guilty plea colloquy was not filed with the Court until May 24, 2024.

*prosequi* on the remaining charges. After a presentence investigation, the Superior Court sentenced Wilson, effective August 12, 2022, to twelve years of Level V incarceration, suspended after two years for eighteen months of Level III probation with GPS monitoring. This appeal followed.

(2) On appeal, Wilson's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Wilson of the provisions of Rule 26(c) and provided Wilson with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Wilson of his right to identify any points he wished this Court to consider on appeal. Wilson has not submitted any points for this Court's consideration.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

(5)     Our review of the record reveals that Wilson was incorrectly informed in the Truth-in-Sentencing Guilty Plea Form and the plea colloquy that he faced a maximum sentence of nine years Level V imprisonment (five years for second-degree robbery, two years for second-degree conspiracy, and two years for non-compliance with bond conditions) instead of twelve years of Level V imprisonment (five years for second-degree robbery, two years for second-degree conspiracy, and five years for non-compliance with bond conditions).  Wilson was charged with non-compliance with bond conditions under 11 Del. C. § 2113(c)(1), which provides for a maximum prison sentence of up to five years.  The Superior Court ultimately sentenced Wilson to twelve years of Level V incarceration (five years for second-degree robbery, two years for second-degree conspiracy, and five years for non-compliance with bond conditions), suspended for probation after he served two years of Level V incarceration for second-degree robbery.  The Court has held that errors like this "during the plea colloquy are more appropriately addressed to the trial court, in the first instance, either through a motion for withdrawal of plea or through a Rule 61 motion" and "accordingly . . . has declined to address such issues for the first time on direct appeal."[3]

---

[3] *See, e.g., Teewia v. State*, 2012 WL 1066334, at *1 (Del. Mar. 28, 2012) (noting that defendant had been incorrectly informed by his counsel and the Superior Court that he faced a maximum Level V sentence of twenty years instead of twenty-five years and declining to address that error on direct appeal); *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008) ("Accordingly, we conclude

3

(6) Having reviewed the record, we conclude that Wilson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wilson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

that if the claim challenging the trial court's acceptance of a guilty plea has not been addressed on the merits by the trial court, we will not consider it on direct appeal.")

4