# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| INNOCENT E. ROGERS, | § | |
| | § | No. 195, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID N1703019541 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 11, 2018
Decided: November 8, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices

### O R D E R

Upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    On November 7, 2017, the defendant-appellant, Innocent E. Rogers, entered a no contest plea to one count of Dealing in Child Pornography and three counts of Possession of Child Pornography. After accepting his plea, the Superior Court revoked Rogers' bail, deferred sentencing, and ordered a presentence investigation. Before sentencing, Rogers moved to withdraw his plea. On March 23, 2018, the Superior Court denied Rogers' motion and sentenced him to a total

period of thirty-four years at Level V incarceration to be suspended after serving two years in prison for a period of probation. This is Rogers' direct appeal.

(2) Rogers' counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Rogers of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the transcript of the guilty plea colloquy. Rogers also was informed of his right to supplement his attorney's presentation. Rogers raises several issues for this Court's consideration. The State has responded to the position taken by Rogers' counsel as well as to the issues raised by Rogers and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4)     The transcript of Rogers' plea colloquy reflects that Rogers was charged with twenty-five counts of Dealing in Child Pornography, which is a Class B felony punishable by a prison sentence of two to twenty-five years.[2]  In exchange for Rogers' plea of no contest to one count of Dealing in Child Pornography and three counts of the lesser-included Class F felony of Possession of Child Pornography, the State agreed to dismiss the remaining charges.  Rogers informed the trial court that he was pleading no contest because the State had sufficient evidence against him.  He stated that no one had coerced him into pleading guilty and that no one had promised him what his sentence would be.  He further acknowledged all of the rights that he was waiving by pleading guilty.

(5)     Rogers fairly raises two issues for the Court's consideration on appeal. First, he contends that his trial counsel was ineffective.  Second, he claims that the Superior Court abused its discretion by denying his motion to withdraw his guilty plea.  We address only this second claim because a claim of ineffective assistance of counsel is not one that we will consider for the first time on direct appeal.[3]

(6)     We review the Superior Court's denial of Rogers' motion to withdraw his plea for abuse of discretion.[4]  Upon moving to withdraw his guilty plea, Rogers

---

[2] *See* 11 *Del. C.* § 1109(4) (Dealing in Child Pornography a Class B felony); 11 *Del. C.* § 4205(b)(2) (Class B felony punishable by prison sentence of two to twenty-five years).
[3] *Johnson v. State*, 962 A.2d 233, 234 (Del. 2008).
[4] *Chavous v. State*, 953 A.2d 282, 285 (Del. 2008).

had the burden to establish a fair and just reason to permit withdrawal.[5]  A judge should permit withdrawal of a plea only if the judge determines that "the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights."[6]  Here, the record unequivocally establishes that Rogers entered his plea voluntarily and that he was not operating under any misapprehension or mistake as to his legal rights.[7]  Under the circumstances, we find no abuse of the Superior Court's discretion in denying Rogers' motion to withdraw his guilty plea.

(7)    The Court has reviewed the record carefully and has concluded that Rogers' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Rogers' counsel has made a conscientious effort to examine the record and has properly determined that Rogers could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] Del. Super. Ct. Crim. R. 32(d).
[6] *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007).
[7] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

4